363 A.2d 1239
**COMMONWEALTH of Pennsylvania,
Appellant,**
v.
**Rory McCAFFERTY, Appellee.**

Superior Court of Pennsylvania.
Sept. 27, 1976.

220

Stephen B. Harris, 1st Asst. Dist. Atty., Doylestown, for appellant.

Renninger, Spear & Kupits, Robert J. Kupits, Doylestown, for appellee.

Bfore WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

This case comes to us on an appeal taken by the Commonwealth from an order dismissing with prejudice, pursuant to Pa.R.Crim.P. 1100, the charges against Rory McCafferty.

Rule 1100 provides, in pertinent part, that trial in a court case in which a written complaint is filed against the defendant between June 30, 1973 and July 1, 1974 shall commence no later than 270 days from the date the complaint is filed. Any period of delay resulting from the unavailability of the defendant is excluded. The period is subject to extension upon a showing by the Commonwealth that trial cannot commence within the prescribed time despite due diligence.

The complaint in the instant case, charging appellee with robbery and theft, was filed on August 21, 1973. Shortly thereafter appellee was incarcerated in the Federal Penitentiary at Oxford, Wisconsin. His sentence expires August 16, 1977. In January of 1974 the prosecuting police officer lodged a detainer with the Federal authorities. On November 1, 1974, appellee filed an application for dismissal of the charges with prejudice, the remedy provided by the Rule.

Assuming arguendo that appellee could be considered unavailable until the date the detainer was lodged (the record does not show when the prosecuting officer became aware of his whereabouts) and that the detainer was lodged January 31, 1974 (the record only advises us as to the month), 273 days elapsed prior to the filing of the application for dismissal. The Commonwealth never applied for an extension of the time for commencement of trial. Accordingly, the court below granted the application.

The Commonwealth argues strenuously that the defendant should be considered unavailable during the period of his incarceration, and that Rule 1100 is in any event inapplicable to defendants incarcerated in another jurisdiction.

*Commonwealth v. Hamilton,* 449 Pa. 297, 297 A. 2d 127 (1972), disposes of both contentions. With respect to a Commonwealth contention that the delay in that case was necessitated by the unavailability of the defendant, the court said:

> "The record is clear that the Commonwealth made no effort to bring appellee to trial for nearly six years after the institution of criminal proceedings, yet no legitimate excuse is offered for his inaction. Commonwealth authorities made no attempt to extradite appellant even though they knew he was incarcerated in South Carolina. Having failed to pursue this procedure, the Commonwealth cannot now offer the fact of incarceration in another jurisdiction as an excuse for the delay." 449 Pa. at 300, 297 A.2d at 128. [Footnotes omitted.]

The court also observed that the Commonwealth could have had *Hamilton* made available by invoking the Interstate Agreement on Detainers,[1] which provides for

1. Act of September 8, 1959, P.L. 829, No. 324, 19 P.S. Sections 1431 *et seq.*

the interstate rendition of persons charged with crime. The procedure under the Agreement was equally available to the prosecution in the instant case. The United States is a party to the Agreement.[2] Had the Agreement's requisition procedure been followed, and had appellee or the Federal authorities contested his rendition, the time consumed by such obstructions would have been excluded from computation. However, having made no effort to obtain custody of appellee under the agreement, the Commonwealth has not demonstrated that appellee was unavailable.

Although *Hamilton* was decided under the standards set forth in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) (requiring the merit of speedy trial claims to be determined by balancing the length of the delay, the reason therefor, the defendant's assertion of his right, and the prejudice to the defendant), the court found the *Barker* standard unsatisfactory and declared an intention to formulate a standard based on the speedy trial guarantee of the Pennsylvania Constitution, Article 1, § 9. The court stated:

> "An alternative to a balancing test is a stated time period within which accused persons must be either brought to trial or released from any threat of prosecution. The theory behind this type of rule is that it eliminates the inherent vagueness encompassed in any balancing process and it avoids the necessity of a court determining a violation of this constitutional right on a case-by-case basis. It is also felt that a mandatory time requirement will act as a stimulant to those entrusted with the responsibility of managing court calendars.

> "[W]e deem it expedient to formulate a rule of criminal procedure fixing a maximum time limit in which individuals accused of crime shall be brought to trial, in

**2.** Pub.L. 91–538, December 9, 1970, 84 Stat. 1397, 18 U.S.C.A. App.

the future, in this Commonwealth." 449 Pa. at 308, 309, 297 A.2d at 132, 133.

The expressed intent of the court was codified by Rule 1100. This court stated in *Commonwealth v. Adams*, 237 Pa.Super. 452, 352 A.2d 97, 99 (1975) that:

"Rule 1100 mandates that it is the Commonwealth's obligation to commence a trial no later than the prescribed time from the filing of a written complaint, unless excused upon a showing of due diligence. Rule 1100 is thereby consistent with prior case law which holds that it is the duty of the State to bring a defendant to trial."

It is also consistent with *Hamilton*, 449 Pa. at 305, 297 A.2d at 131, wherein the court observed with reference to the old "two-term" rule:

"Often, the unsophisticated, indigent defendant is without counsel until the trial, and, since the rule is not self-executing, those defendants who most need the protection it was designed to afford are often the ones denied its benefits. For those few defendants who demand release under the rule, the Commonwealth need only bring their cases to trial to avoid its consequences. There is, therefore, no incentive under the 'two-term' rule for the Commonwealth to guarantee the vast majority of criminal defendants speedy trials." [Citation omitted.]

It is clear from *Adams* and *Hamilton* that a defendant need not have made a demand for trial in order to invoke the remedy provided by the Rule.

The Commonwealth contends that since the rule makes no reference to out-of-state defendants, it was the intent of the Pennsylvania Supreme Court in adopting it to limit the rights of those defendants to those provided by the Interstate Agreement on Detainers, *supra*, Article III. Under the pertinent provision appellee would have had a right to be tried within 180 days of the receipt of a

request by him for disposition of the charges. (The record discloses no such request.)

Nothing in Rule 1100 supports the Commonwealth's position. The obvious significance of the failure to make specific reference to defendants incarcerated outside Pennsylvania is that they are to be accorded the same procedural rights as Pennsylvania residents. Since the Rule was formulated in response to *Hamilton,* it is inconceivable that it was not intended to include out-of-state defendants. Furthermore, the Comment to the Rule removes any doubt that such defendants are among its intended beneficiaries:

> "The defendant should be deemed unavailable for any period of time during which . . . he contested extradition, or a responding jurisdiction delayed or refused to grant extradition . . . "

Under the construction urged by the Commonwealth, these words would be superfluous.

■ There is no question, therefore, that the duty imposed on the Commonwealth by Rule 1100 to bring a defendant to trial within the prescribed period is not affected by the fact of his incarceration elsewhere or by his failure to demand trial. The dismissal of the charges for failure to comply with the Rule was proper and the order of the lower court is accordingly affirmed.

VAN der VOORT, J., dissents.