369 A.2d 1331

COMMONWEALTH of Pennsylvania,
Appellant,

v.

Lloyd RICHBOURGH.

Superior Court of Pennsylvania.

Argued Nov. 9, 1976.

Decided Feb. 18, 1977.

Charles W. Johns, Assistant District Attorney, Pittsburgh, with him Robert L. Eberhardt, Assistant District Attorney, and Robert E. Colville, District Attorney, Pittsburgh, for appellant.

B. Rubb, with him John J. Dean, Pittsburgh, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

This is an appeal by the Commonwealth from an order of the court below, dated April 19, 1976, granting a petition to dismiss with prejudice various criminal charges against the appellee and discharging him from custody.[1] The court below predicated its order upon a finding that the appellee's right to a speedy trial as provided by Rule 1100 of the Pennsylvania Rules of Criminal Procedure had been violated. For the reasons stated herein, we reverse the order of the lower court, reinstate the indictment against the appellee, and remand the case for trial within one hundred and twenty (120) days.

On June 27, 1975, a complaint was filed against the appellee charging him with robbery,[2] involuntary deviate sexual intercourse,[3] and assault.[4] Subsequent efforts by the police to locate the appellee proved unsuccessful. On July 1, 1975, however, a police investigator received a telephone call from the appellee,[5] who wished to know

1. The petition to dismiss and the lower court order were filed pursuant to Pa.R.Crim.P. 1100(f), which provides:
   "At any time before trial, the defendant or his attorney may apply to the court for an order dismissing the charges with prejudice on the ground that this Rule has been violated. A copy of such application shall be served upon the attorney for the Commonwealth, who shall also have the right to be heard thereon. Any order granting such application shall dismiss the charges with prejudice and discharge the defendant."

2. 18 Pa.C.S. § 3701.

3. 18 Pa.C.S. § 3123.

4. 18 Pa.C.S. § 2701.

5. The appellee denies that he telephoned the police, but admits that he left Pennsylvania during July of 1975 in order to avoid arrest by the Pittsburgh authorities.

why a warrant had been issued for his arrest. After being informed of the charges against him, the appellee informed the investigator that he would surrender to the police within twenty-four hours. After the appellee failed to appear, the police diligently continued their efforts to locate him. On November 14, 1975, the police learned that the appellee was in custody in South Carolina. The District Attorney's Office of Allegheny County promptly notified the proper authorities in South Carolina that charges were pending against the appellee and that extradition proceedings would commence against him unless waived by him. On November 21, 1975, the District Attorney's Office received written notification by the South Carolina authorities that the appellee had refused to waive extradition. On December 23, 1975, the South Carolina authorities notified the District Attorney's Office that the appellee had decided to waive extradition.[6] On December 29, 1975, the court below ordered the Allegheny County Sheriff to proceed to South Carolina in order to return the appellee to Allegheny County. On December 31, 1975, the appellee was imprisoned in Allegheny County.

On March 9, 1976, the court below granted the Commonwealth an extension of time for commencement of trial until April 17, 1976. On April 15, 1976, the court below conducted a hearing to decide the appellee's petition to dismiss the charges. The lower court concluded this hearing on April 19, 1976, when it granted the appellee's petition to dismiss. Apparently, the lower court concluded that the Commonwealth was required by Rule 1100 to file an application for an extension of time even though the delay in the present case was caused solely by the unavailability of the appellee. (see NT 18,

6. The appellee denies that he initially refused to waive extradition.

April 19, 1976) [7]   On November 30, 1976, the lower court filed a memorandum before this court stating that it now believes the order of March 9, 1975, to be improper.

■■■   Section (a)(2) of Rule 1100 mandates that "[t]rial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed." As we have previously stated: "The rigidity of this rule, however, is tempered by Rule 1100(d)(1) which provides that '[i]n determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceedings as results from: (1) the unavailability of the defendant or his attorney.' " *Commonwealth v. Adams*, 237 Pa.Super. 452, 456, 352 A.2d 97, 99 (1975). The 180th day in the instant case was December 24, 1975. On March 9, 1976, when the lower court granted the appellee's petition to dismiss the charges, the mandatory period in which to commence trial had already expired.[8] Thus, the entire period of delay beyond the 180th day:

7. We note that it is only by chance that we are able to glean from the record before us the facts necessary to resolve the issues presented on this appeal. The record is woefully incomplete. For example, the record does not include, *inter alia*: a full, certified copy of the docket entries; the date on which the Commonwealth's petition to extend was filed; a copy of the appellee's petition to dismiss or the date on which it was filed. *We caution the court below that it must strictly comply with the requirements of the Pennsylvania Rules of Appellate Procedure in regard to the content of the record to be transmitted to this court on appeal.*

8. The validity of a defendant's petition to dismiss the charges against him pursuant to Section (f) of Rule 1100 depends upon a showing that the prescribed period was violated at the time of the filing of the petition to dismiss. As previously stated, however, see note 7, *supra*, the record does not reveal the exact date on which the appellee's petition was filed. Fortunately, the resolution of the present issue does not require an exact determination of this date. The record does show that the lower court hearing on the appellee's petition to dismiss was held on March

" ' . . . must be either excluded from the computation [of the period, Pa.R.Crim.P. 1100(d)] or justified by an order granting an extension pursuant to the terms of the rule [Pa.R.Crim.P. 1100(c)] if the Commonwealth is to prevail.' " *Commonwealth v. Shelton,* 469 Pa. 8, 14–15, 364 A.2d 694, 697 (1976), *quoting Commonwealth v. O'Shea,* 465 Pa. 491, 496, 350 A.2d 872, 874 (1976).

Here, the record shows that the 179 day period of delay from June 27, 1975, when the complaint was filed, until December 23, 1975, when extradition was waived, was caused solely by the unavailability of the appellee. We must therefore exclude this period of time from the computation of the prescribed time. Trial was ready to commence on April 19, 1976,[9] or 297 days after the complaint was filed against the appellee. Subtracting 179 days from 297 days reveals that a period of 118 days, or less than the allowable period of 180 days, had expired.

The order of the lower court is reversed and the case is remanded to the court below for trial.

9, 1976. The petition to dismiss, therefore, must have been filed prior to the lower court hearing on the petition. Even if March 9, instead of some earlier date, is used as the measuring point, it is clear that the appellee's right to a speedy trial under Rule 1100 has not been violated.

9. There is confusion on the record as to whether trial was ready to commence on April 15, 1976, or April 19, 1976. We need not resolve this issue because even if the later date, April 19, is used, the Rule has not been violated.