## Commonwealth v. Arms

*James R. Hevalow, Assistant District Attorney,* for Commonwealth.

*Lois B. Anderson, Assistant Public Defender,* for defendant.

SHUGHART, *P.J.*, September 14, 1977—The above defendant escaped from the Berks County Prison on October 24, 1975. After charges of escape and conspiracy were filed, a change of venue to this court was granted at the request of defendant. A jury trial resulted in a guilty verdict on both counts on February 28, 1977.

Prior to the selection of a jury, Lois B. Anderson of the Berks County public defender's office representing defendant presented an application for dismissal of the case pursuant to Pa. R. Crim. P. 1100 because the Commonwealth had failed to bring defendant to trial within 180 days of filing the complaint. The public defender stated that she had personally entered the case approximately ten days earlier but the public defender's office had been involved with the case from the time the complaint was filed. The public defender also indicated ignorance of the Berks County court order of December 16, granting defendant's motion for a change of venue although the order was granted pursuant to the request of a public defender. At the time, District Attorney J. Michael Morrissey, of Berks County objected to the application for relief on the basis that it was untimely sought since such a motion could have been presented at any time even prior to the application for the change of venue. When it appeared that the necessary witnesses and information were not available so that the court could make a ruling on the application under Rule 1100, the court received the application, deferred a hearing thereon and proceeded with the trial. This course of action was taken because this was the sole case remaining for jury trial, and a jury panel had been awaiting the pleasure of the court since 9:30 a.m. in the morning.

Following the jury verdict, defendant filed a motion for a new trial. A special argument on the motion for new trial was fixed for April 28.

At argument, it was determined that both the motion for new trial and the disposition of the application under Rule 1100 should be decided together. It was discovered that stipulations as to dates when the defendant had a mental competency proceeding pending; was pending a murder trial which was subsequently tried in Schuylkill County on a change of venue; and dates of a robbery trial which was heard in Luzerne County, were necessary for a proper determination of the merits of the application for dismissal under Rule 1100. On the date of June 30, a hearing on that application was fixed for July 27 but was continued to August 12 at the instance of counsel for defendant. On August 12 a stipulation was entered and Richard N. Beltzner, Esquire, the public defender who preceded Lois B. Anderson, testified.

At the August 12 hearing, the district attorney again strongly urged that the application for relief under Rule 1100 be dismissed because the petition had not been presented in a timely fashion. Pa. R. Crim. P. 1100(f) provides inter alia: "At *any time* before trial, the defendant . . . may apply to the court for an order dismissing the charges . . . on the ground that this Rule has been violated." (Emphasis supplied.) The Commonwealth has cited no case holding that a belated filing of such application constitutes a waiver. On the contrary, in Commonwealth v. Bean, 244 Pa. Superior Ct. 376, 368 A.2d 765, 767 (1976), the Superior Court recognizes the fact that there is a difference between an application under Rule 1100 and one under Rule 308 for general pretrial relief. The latter rule

provides that pretrial applications must be made ten days before trial, whereas applications under Rule 1100 may be made "at any time." There would be little benefit in failing to pass on the defendant's application under Rule 1100 because if we refuse to do so and the rule was in fact violated, the defendant would undoubtedly apply for relief on the basis of incompetent counsel and the same result would be reached in a circuitous manner. We shall, therefore, treat with Rule 1100 on its merits.

In passing on the merits of this petition, we will be referring to dates stipulated at the hearing held on August 12, 1977, during which both parties were given the opportunity to present evidence and argument. Rule 1100(a)(2) requires that trial must commence 180 days from the date on which the complaint is filed. In computing the number of days, Rule 1100(d) allows the Commonwealth to automatically exclude any time defendant or his counsel is unavailable for trial, or any period in which a continuance is granted in excess of 30 days at the request of defendant, provided only that the number of days in excess of thirty be excluded. In addition, the Commonwealth may request an extension of time within which to bring defendant to trial: Rule 100(c). Turning to the facts of the case, at the time the complaint was filed for the escape and conspiracy charges defendant also had murder and robbery charges pending against him in Berks County. Also pending was a determination whether defendant was competent to stand trial. For our purposes, the 180 days does not begin to run until December 12, 1975, when defendant was adjudged competent: Commonwealth v. Reese, 237 Pa. Superior Ct. 326, 352 A.2d 143 (1975). Defendant requested,

and was granted, two consecutive continuances totaling 60 days from February 12, 1976, until April 12, 1976.[1] Beginning on September 15, 1976, and continuing until October 1, 1976, defendant and his counsel were unavailable as defendant was on trial for the murder charge in Schuylkill County,[2] Similarly, defendant was unavailable on January 1, 1977, as he was on trial for the robbery charge in Luzerne County.[3] According to our computation, a total of 122 days must excluded from the 493 days that passed between the complaint and trial.[4] This leaves 371 days during which the Commonwealth could have brought defendant to trial. Because this period exceeds 180 days, we have no choice but to order that the escape and conspiracy charges against the defendant be dismissed: Pa. R. Crim. P. 1100(f); Commonwealth v. Shelton, 469 Pa. 8, 364 A.2d 694 (1976).

---

1. The defendant signed a waiver or otherwise agreed to waive his rights under Rule 1100 before each one of the continuances was granted. In view of our conclusion, we shall treat these waivers as valid and exclude the entire 60-day period.

2. Venue was changed to Schuylkill County by order of court dated March 10, 1976, and was approved by the Pennsylvania Supreme Court on June 11, 1976.

3. Venue was changed to Luzerne County by order of court although we cannot be certain the exact date.

4. The calculation is as follows:

45—days awaiting the ruling on the defendant's competency.

60—days the trial was continued.

16—days the defendant was on trial for the murder charge.

1—day the defendant was on trial for the robbery charge.

122—total number of days excludable from the computation.

The Commonwealth argues that the entire period during which defendant was awaiting trial on the murder and robbery charges should be excluded. Admittedly, defendant may have been in other counties awaiting trial. The Commonwealth did not, however, offer any evidence or excuse for the failure to employ appropriate procedures to either bring the defendant to trial on the escape charges or request a continuance during these periods. As Judge Price stated in Commonwealth v. Adams, 237 Pa. Superior Ct. 452, 456, 352 A.2d 97, 99 (1975): "Rule 1100 mandates that it is *the Commonwealth's obligation to commence a trial no later than the prescribed time period* from the filing of the written complaint, unless excused on a showing of due diligence. Rule 1100 is thereby consistent with prior case law which holds that *it is the duty of the State to bring a defendant to trial.*" (Emphasis supplied.)

The language contained in Commonwealth v. McCafferty, 242 Pa. Superior Ct. 218, 363 A.2d 1239 (1976), indicates that the Commonwealth may not rely on a mere assertion that defendant was not brought to trial because he was awaiting trial in another county. Although the McCafferty case involved a defendant incarcerated in a federal penitentiary outside of Pennsylvania, the decision focused on the absence of any showing on the part of the Commonwealth that any efforts had been made to extradite the defendant and bring him to trial. The court specifically stated: "Had the Agreement's [Interstate Agreement On Detainers] requisition procedure been followed, and had the appellee or the Federal authorities contested his rendition, the time consumed by such obstructions would have been excluded from computation.

However, having made no effort to obtain custody of appellee under the agreement, the *Commonwealth has not demonstrated that appellee was unavailable.*" Id. at 222, 363 A.2d at 1240. (Emphasis supplied.)

In the case at bar the Commonwealth has failed to show why defendant was unavailable, and what efforts, if any, were utilized to bring him to trial. Absent such a showing, it cannot be said as a matter of law that defendant was unavailable for trial because he may have been awaiting disposition of charges in another county. The Commonwealth has introduced no evidence from which we could conclude that defendant ever left Berks County, even after the change of venue was granted. For all we know defendant could have been awaiting trial in Berks County for all the charges and transferred to the appropriate forum only on the days during which he was to stand trial. In addition, defendant in the instant case, even if he were being held in a neighboring county, would have been much more accessible to the Commonwealth than defendant in the McCafferty case. If the Commonwealth's inaction in McCafferty could not be justified, no basis for excusing the Commonwealth in this instance exists.

In view of our conclusion in this matter, the motions for new trial and arrest of judgment are moot.

## ORDER OF COURT

And now, September 14, 1977, for the reasons set forth in the opinion filed this date, the convictions of escape and conspiracy are reversed and the charges dismissed pursuant to Pa. R. Crim. P. 1100.