378 A.2d 455

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Philip George KOVACS.**

Superior Court of Pennsylvania.

Argued Sept. 21, 1976.

Decided Oct. 6, 1977.

Patrick H. Mahady, Assistant District Attorney, Greensburg, for Commonwealth, appellant.

Dante G. Bertani, Public Defender, Greensburg, submitted a brief for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

This is an appeal by the Commonwealth from a March 17, 1976, order of the court below, granting a petition to dismiss with prejudice various criminal charges against the appellee and discharging him from custody.[1] The lower court predi-

1. Both the appellee's petition to dismiss and the order of the lower court were filed pursuant to Pa.R.Crim.P. 1100(f), which provides:
"At any time before trial, the defendant or his attorney may apply to the court for an order dismissing the charges with preju-

cated its order upon a finding that the appellee's right to a speedy trial as provided by Pa.R.Crim.P. 1100 was violated. For the following reasons, we affirm the order of the lower court.

On December 22, 1974, a criminal complaint was issued against the appellee, charging him with various offenses. On that same day, the appellee was arrested, arraigned before a district magistrate, and released on bond.[2] Under the precept of Pa.R.Crim.P. 1100(a)(2),[3] the Commonwealth had 180 days, or until June 20, 1975, from the date the criminal complaint was filed against the appellee to bring him to trial. On March 10, 1975, the case was called to trial, but the appellee failed to appear. A Pennsylvania State Police Officer, Kenneth O. Clugston, testified in the lower court that the appellee was unable to appear because he was incarcerated in North Carolina. The court below therefore ordered that a detainer be issued against the appellee and that all necessary steps be taken to secure his return to this Commonwealth. On October 7, 1975, the appellee filed a petition to dismiss the charges against him alleging that his right to speedy trial under Rule 1100 had been violated. The Commonwealth responded to the appellee's petition by stating that the appellee was unavailable for trial because he was ". . . confined at the Harnett Youth Center, Lillington, North Carolina." On March 17, 1976, when the case was next called for trial, the appellee appeared before the court below,[4] and arguments were heard on the appel-

dice on the ground that this Rule has been violated. A copy of such application shall be served upon the attorney for the Commonwealth, who shall also have right to be heard thereon. Any order granting such application shall dismiss the charges with prejudice and discharge the defendant."

2. At arraignment, the appellee waived his right to a preliminary hearing.

3. Pa.R.Crim.P. 1100(a)(2) provides that: "Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974, shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed."

4. The record does not indicate the exact date of appellee's return to Pennsylvania.

lee's petition to dismiss. At this time, Officer Clugston related that he filed a detainer against the appellee with North Carolina correction authorities on March 10, 1975. The assistant district attorney, however, testified that extradition proceedings were not commenced against the appellee until November 21, 1975. Although the Commonwealth argued that the appellee could not be extradited in less than six months, the lower court concluded that no sufficient explanation was rendered as to why eight months elapsed before the appellee's extradition commenced. The charges against the appellee were therefore dismissed by the lower court. We affirm the action of the lower court.

■ It is now axiomatic that all periods of delay beyond the mandatory period " '.   .   .   must be either excluded from the computation [of the period, Pa.R.Crim.P. 1100(d)] or justified by an order granting an extension pursuant to the terms of the rule [Pa.R.Crim.P. 1100(c)] if the Commonwealth is to prevail.' " *Commonwealth v. Shelton*, 469 Pa. 8, 14–15, 364 A.2d 694, 697 (1976), *quoting Commonwealth v. O'Shea*, 465 Pa. 491, 496, 350 A.2d 872, 874 (1976). In the instant case, the Commonwealth wishes us to exclude the entire period of delay between March 10, 1975, when the case was first called to trial, and January 20, 1976, when the appellee was presumably returned to this Commonwealth,[5] from the computation of the mandatory period on the basis that the appellee was incarcerated in North Carolina and therefore unavailable for trial in Pennsylvania during that period. *See* Pa.R.Crim.P. 1100(d)(1).[6] Since the record conclusively demonstrates that the Commonwealth failed to exercise due diligence in securing the appellee's return, we are unable to find that the appellee was unavailable for trial within the meaning of Rule 1100(d).

5.  See fn. 4, *supra.*

6.  Pa.R.Crim.P. 1100(d)(1) provides that: "In determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceedings as results from: (1) the unavailability of the defendant or his attorney."

The appellee was returned to this Commonwealth from North Carolina under the authority of the Interstate Agreement on Detainers Act.[7] (NT 4–5, March 17, 1976). Article IV of that Agreement provides that an officer of this Commonwealth is entitled to have a prisoner in another state made available to him if the officer files a written request for the custody of the prisoner against whom an untried complaint is pending in this state with the appropriate authorities of the state in which the prisoner is incarcerated. In this case, as previously stated, Trooper Clugston lodged a detainer against the appellee on March 10, 1975; yet, the district attorney's office, *by its own admission*, failed to file the necessary written request for custody until November 21, 1975. The Commonwealth did not explain why it waited eight months to invoke the procedures of the Agreement on Detainers Act. Certainly, the lower court correctly concluded that the Commonwealth failed to exercise due diligence in seeking the appellee's return.

The appellate courts of this Commonwealth have held on several occasions that an accused will not be considered unavailable if the record demonstrates that the Commonwealth did not exercise due diligence in securing his presence for trial. For example, in *Commonwealth v. Richbourgh*, 246 Pa.Super. 300, 369 A.2d 1331 (1977) (Opinion by Price, J.), we found that an accused was "unavailable" for trial under Pa.R.Crim.P. 1100(d)(1) for the period of time during which he was present in another state. Implicit in our decision in *Richbourgh*, however, was the recognition that a defendant will be considered unavailable only for the period of time during which his presence could not be secured despite due diligence by the Commonwealth. In *Richbourgh*, we emphasized the need for prompt and diligent action on the part of the Commonwealth by painfully detailing the conduct of the Commonwealth in attempting to extradite the accused. Our decision in *Richbourgh* was not without precedent. In *Commonwealth v. McCafferty*, 242 Pa.Super. 218, 363 A.2d 1239 (1976), we specifically held that

7. Act of Sept. 8, 1959, P.L. 829, §§ 1–8 (19 P.S. §§ 1431–38).

the Commonwealth's failure to invoke the procedures available under the Interstate Agreement on Detainers Act to attain the return of an accused incarcerated in another state negated any claim that the accused was unavailable for trial. Moreover, in *McCafferty*, we ruled that defendants incarcerated outside of Pennsylvania are to be afforded the protection of Rule 1100.

The Comment to Rule 1100, which we quoted with approval in *McCafferty*, is particularly instructive:

"For purposes of subparagraph (d)(1), . . . the defendant should be deemed unavailable for any period of time during which he could not be apprehended because his whereabouts were unknown *and could not be determined by due diligence*; or during which he contested extradition, or a responding jurisdiction delayed or refused to grant extradition . . . ." (emphasis added)

In *Commonwealth v. Mitchell*, 472 Pa. 553, 372 A.2d 826 (1977), the Pennsylvania Supreme Court further explained the obligation of the Commonwealth to exercise due diligence in apprehending an absent accused, when it stated: "The police can be expected to act with due diligence in locating and apprehending an accused *in all situations* because it is their duty to do so as public officials." (emphasis added) (472 Pa. p. 561, 372 A.2d p. 830) The court therefore held that: "[T]he Commonwealth has the burden of proving the requisites of Section (d) in order to avail itself of an exclusion and must do so by a preponderance of the evidence." (footnote omitted) (472 Pa. p. 564, 372 A.2d p. 831)

In the instant case, the Commonwealth failed to explain why it did not file its written request to gain custody of the appellee, as required by the Interstate Agreement on Detainers Act, until November 21, 1975, although it had knowledge of the appellee's incarceration as early as March 10, 1975. The Commonwealth therefore failed to sustain its burden of proving by a preponderance of the evidence that it exercised due diligence in seeking the return

of appellee.[8]  Since the prescribed period had expired long before the appellee filed his petition to dismiss, we affirm the order of the lower court discharging the appellee.

VAN der VOORT, J., files a dissenting opinion in which WATKINS, President Judge, joins.

VAN der VOORT, Judge, dissenting:

Appeal is taken by the Commonwealth from the March 17, 1976, Order of President Judge Weiss, dismissing the indictment against appellant.[1]  The operative facts are that appellant was arrested and charged on December 22, 1974.  On March 10, 1975, the case was called for trial, but appellant was not present.  Testimony was then presented that appellant was in detention in North Carolina; whereupon the lower court issued a detainer to the authorities of that jurisdiction.  Appellant was returned to Pennsylvania, and promptly thereafter, on March 17, 1976, his case was again called for trial.  Argument was held on his motion to dismiss, pursuant to Pa.R.Crim.P. 1100, the 180-day period allegedly having expired in May of 1975.  The lower·court held that this mandated period for commencement of trial had not been extended as it otherwise might have been due to unavailability of defendant [1100(d)(1)] or by an application for extension [1100(c)].  It was the conclusion of the lower court that appellant had not been "unavailable" within the Rule's meaning of that term.  Consequently the indictment was dismissed by reason of the Commonwealth's failure to proceed in accord with *Pa.R.Crim.P.* 1100.  I disagree.

8.  We do reiterate, however, that any time consumed by the Commonwealth in actually procuring the return of an accused must be excluded from the computation of the mandatory period.  *Commonwealth v. McCafferty, supra; see also* Pa.R.Crim.P. 1100, Comment.

1.  The grand jury of Westmoreland County had approved the indictment charging robbery and violation of "The Controlled Substance, Drug, Device and Cosmetic Act", respectively the "Crimes Code", Act of 1972, Dec. 6, P.L. 1482, No. 334, 18 Pa.C.S. § 3701, and Act of 1972, April 14, P.L. 233, No. 64, 35 P.S. § 780–101 *et seq.*

First, I note that the Commonwealth, in the circumstance of a defendant's being incarcerated in another jurisdiction, should not be held to a duty of applying for an extension pursuant to 1100(c). I would not place upon officers of our Commonwealth that section's due diligence standard when the matter of the defendant's appearance in court within the prescribed period is wholly outside their control and in the hands of the authorities of another jurisdiction.[2]

The gravamen of this case lies in the automatic exclusion from the 180-day period such time as defendant is unavailable to Pennsylvania authorities. [*Pa.R.Crim.P.* 1100(d)(1)]. In *Commonwealth v. Richbourgh*, 246 Pa.Super. 300, 369 A.2d 1331 (1977), we noted again that the general mandate of Rule 1100 is tempered by the specific qualification of section (d)(1). Therein we held that the unavailability of the defendant was caused by his having placed himself in another jurisdiction. The time there is excluded from the computation of the 180-day period.

As in *Richbourgh, supra*, the unfortunate situation arises that the record is incomplete as to an important date—here, the date of appellant's return to Pennsylvania. As nearly as I can place this date, it was somewhere between January 20, 1976, and March 5, 1976.[3] Giving the advantage to appellant I shall for present purposes recommence the running of the 180-day period on January 20, 1976. So doing, I shall

**2.** When our officers take no action at all to seek the return of the defendant, and an unreasonable period of time passes, then the principles espoused in *Commonwealth v. Hamilton*, 449 Pa. 297, 297 A.2d 127 (1972), and *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) arise to protect the accused's right to speedy trial. In the instant case, to the contrary, immediately upon knowing appellant's whereabouts, a detainer was issued. There is no showing that other than prompt proceedings caused his return to Pennsylvania. Thus *Pa.R.Crim.P.* 1100 is the keystone of this decision, and *Commonwealth v. Hamilton, supra*, the precursor of the Rule 1100, is inapposite.

**3.** The record contains the following Orders:
January 20, 1976—Order setting case for trial on the week of March 15, 1976, due to defendant's North Carolina incarceration.
March 5, 1976—Order scheduling defendant's transportation from North Huntingdon Township jail to County jail.

74

exclude from computation the period from March 10, 1975, to January 20, 1976, a total of 316 days. The case was disposed of March 17, 1976, or 450 days from the December 22, 1974, filing of criminal information. At least 316 days should have been excluded from the running of the period for commencement of trial, and this shall be deducted from the total, showing that trial was set the equivalent of 134 days after information, as adjusted by our holding and computation herein. It was error by the lower court to have dismissed pursuant to Rule 1100.

I would reverse, reinstate the indictment, and remand the case for trial.

WATKINS, President Judge, joins in this dissenting opinion.