393 A.2d 1046

**COMMONWEALTH of Pennsylvania**

v.

**Roy Paul WARMAN, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 14, 1977.

Decided Nov. 8, 1978.

132

Wilbert H. Beachy, III, Assistant Public Defender, Somerset, for appellant.

Frederick F. Coffroth, District Attorney, Somerset, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, Van der VOORT and SPAETH, JJ.

PRICE, Judge:

Following a non-jury trial on September 2, 1976, appellant was convicted of burglary,[1] theft,[2] and receiving stolen prop-

1. 18 Pa.C.S. § 3502(a).

2. 18 Pa.C.S. § 3921(a).

erty.[3] Appellant's post-trial motion in arrest of judgment was denied. On May 11, 1977, appellant was sentenced to serve not less than 3 nor more than 7 years imprisonment on each of the offenses for which he was convicted, sentences to run concurrently. Appellant was also sentenced to pay the costs of prosecution, and to make restitution of his fair share of the stolen or damaged property in each case.

On appeal, appellant contends that his right to a speedy trial under Pa.R.Crim.P. 1100 had been violated. We disagree, and affirm the judgment of the lower court.

Facts important to our consideration of the instant case are as follows. Complaints were filed against appellant on November 10, 1975, charging him, together with Sandy Ann Stillwagon and Edward Lee Miller, with the September, 1975 burglary of a private residence in Waynesboro, Pennsylvania, and theft of the contents therein.

The initial trial date set in this case was February 24, 1976. Prior to this time, the Commonwealth was aware of appellant's incarceration in the state correctional institution at Huntington, Pennsylvania. On February 17, 1976, a Petition to Return Defendant was filed, and on that same day, an order granting that petition was entered. Upon contacting the Huntington authorities, the Sheriff of Somerset County was informed that appellant had been transferred to the Allegheny County Prison in order to stand trial for criminal charges outstanding there. The Sheriff was then advised by the Allegheny County authorities that trial there was to begin shortly, and that he would be notified as soon as appellant became available. Unbeknownst to the Commonwealth, the charges in Allegheny County had been postponed on February 19, 1976, until March 24, 1976.

On February 24th, the day the case was to come to trial in Somerset County, the Commonwealth notified the lower court of appellant's incarceration in Allegheny County. Upon the Commonwealth's motion, the case was continued to the next trial term (May, 1976). Final disposition of the

3. 18 Pa.C.S. § 3925(a).

charges pending against appellant in Allegheny County occurred on March 24, 1976, and on that day, the Sheriff of Somerset County was notified that appellant was available for return. On March 31st, appellant was transferred back to Huntingdon.

On April 8th, the Commonwealth filed an Application to Extend Time for Commencement of Trial until July 30, 1976, the last day of the May Term. This Application for Extension was granted by an order of the lower court dated April 12th.

The case was listed for trial on May 24th, 196 days after the criminal complaints had been filed against appellant, and on the same day, appellant filed an Application for Dismissal under Rule 1100(f), and asked for a continuance until the next trial term, (August, 1976). The continuance was granted, and appellant signed a waiver of his Rule 1100 rights with respect to all days after May 24, 1976. The Application for Dismissal was denied on August 2, 1976, and appellant received a non-jury trial on September 2, 1976.

Appellant, in essence, contends that 196 days elapsed from the time the complaints were filed against him until the time he signed the May 24th waiver, and therefore, that his Rule 1100 rights were violated. Appellant concedes no excludable time during that 196 day period, and contends that the ex parte order of April 12, 1976, granting an extension under Rule 1100(c) was ineffective because appellant, unrepresented at the time, was not notified that he had a right to be heard on the Commonwealth's petition for extension.[4]

4. We agree with appellant's contention that the ex parte order dated April 12, 1976, granting the Commonwealth's Application to Extend Time was ineffective. Rule 1100(c) provides that:

"At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. A copy of such application shall be served upon defendant through his attorney, if any, and the defendant shall also have the right to be heard thereon. *Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth* . . . " (emphasis added).

■ Rule 1100(d)(1) provides that "[i]n determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceedings as results from: (1) the unavailability of the defendant or his attorney." Mere incarceration in another jurisdiction does not make appellant unavailable. Appellant will be considered unavailable only for the period of time during which his presence could not be secured despite due diligence by the Commonwealth. *Commonwealth v. Richbourgh,* 246 Pa.Super. 300, 369 A.2d 1331 (1977); *Commonwealth v. Kovacs,* 250 Pa.Super. 66, 378 A.2d 455 (1977). "There is no question, therefore, that the duty imposed on the Commonwealth by Rule 1100 to bring a defendant to trial within the prescribed period is not affected by the fact of his incarceration elsewhere . . .." *Commonwealth v. McCafferty,* 242 Pa.Super. 218, 224, 363 A.2d 1239, 1241 (1976).

In the past, this court and our state supreme court have stressed the importance of having a record showing of due diligence by the Commonwealth. *Commonwealth v. Mayfield,* 469 Pa. 214, 364 A.2d 1345 (1976); *Commonwealth v. Tome,* 248 Pa.Super. 242, 375 A.2d 78 (1977). In the instant case, at the time the Commonwealth's Application to Extend was granted, there was no record to support any finding of due diligence. The lower court granted the application merely on the basis of the Commonwealth's allegations that it had previously received a continuance to the May term on the basis of appellant's incarceration in Allegheny County in February, and that the 180 day period would expire one day before the May trial term was to begin. The Commonwealth's application requested an extension to the *last* day of the May trial term (July 30, 1976). No hearing was conducted on this application, and no proof was offered by the Commonwealth in support of a finding of due diligence. It should also be noted that the main thrust of the Commonwealth's application (*i. e.* that appellant was unavailable for a substantial time) is more properly grounds for exclusion of time under Rule 1100(d), than for extension of time under Rule 1100(c). Even if the scheduling difficulties (*i. e.* the run date occurring between trial terms) are construed as a judicial delay, nevertheless, there must be, in addition to a finding of due diligence, "certification that trial is scheduled for the earliest date consistent with the court's business." *Mayfield, supra,* 469 Pa. at 222, 364 A.2d at 1349–50. This clearly was lacking in the lower court record.

Therefore, without any evidence on record upon which the lower court could have made a factual finding of due diligence, the order extending the time for trial must be seen as a nullity.

However, although the extension order is ineffective, it does not effect the final disposition of the instant case.

In the instant case, the conduct of the Commonwealth evidences a diligent attempt to bring appellant to trial within the 180 day period. The Commonwealth sought appellant's return from Huntington on February 17, one week before trial was to commence on February 24, 1976. Upon learning of appellant's transfer to Allegheny County, the Sheriff of Somerset County promptly sought his return for trial. At that time, the Sheriff was advised by Allegheny County authorities that he would be notified as soon as appellant became available, and appellant was returned to Huntington one week after the Sheriff received the March 24th notice of appellant's availability.

■ Appellant would have us rule that the Commonwealth had a duty to check on appellant's availability between February 18, 1976 (the day the Sheriff of Somerset County learned of appellant's transfer to Allegheny County) and February 24, 1976 (the date set for trial in Somerset County). Appellant contends that by doing so, the Commonwealth would have learned of the continuance granted on February 19th in the Allegheny County trial, and of appellant's subsequent availability through March 23rd. We find that placing such a duty upon the prosecuting authorities would be unduly burdensome. In the instant case, the Somerset County authorities acted with dispatch. They were assured that they would receive prompt notification by the Allegheny County authorities upon appellant's becoming available, and there was no reason to believe that the Allegheny authorities would not so notify the Commonwealth.

■ In light of the foregoing, we find that the Commonwealth was diligent in seeking appellant's return from Allegheny County and, therefore, that the appellant was unavailable for the period of time from February 18th through March 24th, during which he was incarcerated in Allegheny County. Under Pa.R.Crim.P. 1100(d)(1), this period of time, 36 days, is excluded from calculation of the period for commencement of trial, therefore bringing the time elapsed from appellant's arrest until the May 24th Rule 1100 waiver,

to 160 days, well within the requirements of Pa.R.Crim.P. 1100.

The judgment of sentence is affirmed.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.