418 A.2d 380
**COMMONWEALTH of Pennsylvania**
v.
**Jody SMITH, Appellant.**
Superior Court of Pennsylvania.
Submitted April 10, 1978.
Filed Jan. 11, 1980.

230

Harry E. Knafelc, Assistant Public Defender, Beaver, for appellant.

John Lee Brown, Jr., Assistant District Attorney, Beaver, for Commonwealth, appellee.

PRICE, Judge:

Following a non-jury trial conducted on June 27, 1977, appellant was found guilty of retail theft.[1] Post-verdict motions were denied, and he was sentenced to pay a fine of $1.00 and undergo imprisonment for a period of not less than eleven nor more than twenty-three months. Appellant now makes several allegations of error in the trial court. As we

1. 18 Pa.C.S. § 3929.

conclude that appellant must be discharged because of a Rule 1100 violation, we need not address his other contentions.[2]

Pa.R.Crim.P. 1100(a)(2) provides that:

"Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed."

The sequence of events pertinent to ruling on appellant's claim that the Commonwealth exceeded this maximum period is as follows. On October 23, 1976, a complaint was filed charging appellant with retail theft. He was arrested and arraigned before Magistrate Stephen Mihalic that same day. Appellant was apprised of his rights and released on bail. A preliminary hearing was scheduled for November 3, 1976.

When appellant failed to appear for the November 3rd hearing, bond was forfeited and a warrant issued for his arrest. His whereabouts remained unknown until February 19, 1977, when George Anderson of the Center Township Police Department received information that appellant was in an Allegheny County jail. That same day, Magistrate Hugo Iorfido issued a detainer on appellant. Three days later, Magistrate Mihalic scheduled a preliminary hearing for March 7, 1977. A hearing was held at that time, a prima facie case established, and appellant was bound over for court. On June 8, 1977, appellant filed a motion to quash the information on the basis of a Rule 1100 violation. That motion was denied and appellant, as noted, was brought to trial on June 27, 1977.

The initial run date for Rule 1100 purposes was April 21, 1977. Trial was actually commenced on June 27, 1977. No petition for extension was ever filed. Consequently, unless at least 67 days are excludable from calculation of the run time, appellant must be discharged. In his resolution of appellant's motion to quash information, the

2. Appellant also alleged error in that he was not represented by counsel at the preliminary hearing, and that the verdict was contrary to the weight of the evidence.

Honorable J. Quint Salmon held that 123 days could be excluded because appellant, by his own acts, was unavailable from November 3, 1976, to March 7, 1977. Unfortunately, Rule 1100 demands more than mere unavailability in order to permit exclusion of time from the 180 day limit. As we noted in *Commonwealth v. Warman*, 260 Pa.Super. 130, 135, 393 A.2d 1046, 1049 (1978):

"Rule 1100(d)(1) provides that '[i]n determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceedings as results from: (1) the unavailability of the defendant or his attorney.' Mere incarceration in another jurisdiction does not make appellant unavailable. Appellant will be considered unavailable only for the period of time during which his presence could not be secured despite due diligence by the Commonwealth. *Commonwealth v. Richbourgh*, 246 Pa.Super. 300, 369 A.2d 1331 (1977); *Commonwealth v. Kovacs*, 250 Pa.Super. 66, 378 A.2d 455 (1977). 'There is no question, therefore, that the duty imposed on the Commonwealth by Rule 1100 to bring a defendant to trial within the prescribed period is not affected by the fact of his incarceration elsewhere . .' *Commonwealth v. McCafferty*, 242 Pa.Super. 218, 224, 363 A.2d 1239, 1241 (1976)."

Instantly, we have absolutely no record indication that the Commonwealth exercised due diligence in determining appellant's location. Indeed, past the simple assertion that appellant's whereabouts were unknown during the period in question, the record of testimony of the hearing on the motion to quash is barren of *any* showing that the Commonwealth attempted to locate appellant. Given this dearth of evidence indicating due diligence, we are unable to exclude the period between the initial preliminary hearing and the discovery of appellant's location. Consequently, the 180 day limit of Rule 1100 was exceeded, and appellant must be discharged.

The judgment of sentence is reversed and appellant is discharged.

HESTER, J., files a dissenting statement in which VAN der VOORT, J., joins.

JACOBS, former President Judge, did not participate in the consideration or decision of this case.

HESTER, Judge, dissenting:

I dissent. I would affirm on the Opinion of Judge Salmon of the court below.

VAN der VOORT, J., joins in this dissenting statement.