421 A.2d 438

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**James C. SNYDER.**

Superior Court of Pennsylvania.

Argued Nov. 14, 1979.

Filed July 25, 1980.

Petition for Allowance of Appeal Denied Dec. 23, 1980.

128

Ralph C. Warman, Uniontown, for Commonwealth, appellant.

Vincent J. Roskovensky, II, Uniontown, for appellee.

Before PRICE, HESTER, and CAVANAUGH, JJ.

CAVANAUGH, Judge:

Pursuant to the defendant's motion under Pa.R.Crim.P. 1100(f) the lower court dismissed the complaint with prejudice. The Commonwealth appeals. We remand.

On March 8, 1977 the defendant was arrested for driving while intoxicated. On the same day a complaint was filed, he waived a preliminary hearing and was released on bond. On April 6, 1977 the Commonwealth sent to the defendant a notice of his trial date by certified mail return receipt requested. This notice was returned to the Commonwealth marked "unclaimed" on April 22, 1977.[1] On the scheduled trial date, June 15, 1977, the defendant did not appear and at the Commonwealth's request a bench warrant was issued. On August 17, 1978 the defendant was stopped for motor vehicle violations; he was then arrested on the bench warrant and subsequently was released. In September he filed a motion for continuance to the December term of court[2] and in November he filed a motion to dismiss under Pa.R. Crim.P. 1100(f) and a hearing was held. The court granted the motion to dismiss the complaint with prejudice and the Commonwealth filed the instant appeal.

■ The Commonwealth is required to try a defendant within 180 days of the filing of the complaint. Pa.R.Crim.P. 1100. Any delay beyond the 180–day period ". . . must be either excluded from the computation [of the period, Pa.R. Crim.P. 1100(d)] or justified by an order granting an extension pursuant to the terms of the rule [Pa.R.Crim.P. 1100(c)] if the Commonwealth is to prevail." *Commonwealth v. Shelton*, 469 Pa. 8, 14–15, 364 A.2d 694, 697 (1976) quoting *Commonwealth v. O'Shea*, 465 Pa. 491, 496, 350 A.2d 872, 874 (1976). In the instant case defendant was not tried within 180 days from the filing of the complaint. The Commonwealth did not file for an extension of time under Pa.R.

1. The time from the filing of the complaint until the time the defendant would have been tried if the case had not been dismissed is so much in excess of the 180–day period that it is unnecessary for us to decide whether the time from the sending of the notice to the time it was returned unclaimed is excludable under Pa.R.Crim.P. 1100(d).

2. If the time for the continuance was excluded as provided by Pa.R.Crim.P. 1100(d)(2), the Commonwealth would still not have tried defendant within the 180–day period.

Crim.P. 1100(c). Therefore, it can prevail only if it is permitted to exclude a period of time under Pa.R.Crim.P. 1100(d).

■ Under 1100(d) the Commonwealth may exclude any period of delay which results from the unavailability of the defendant. Pa.R.Crim.P. 1100(d). The Commonwealth may exclude such period if while the defendant is on bail the Commonwealth properly notifies him of his trial date and he fails to appear, *Commonwealth v. Cohen*, 481 Pa. 349, 356, 392 A.2d 1327, 1330–31 (1978); *Commonwealth v. Mizic*, 274 Pa.Super. 331, 418 A.2d 432 (1980); *Commonwealth v. McCulley*, 270 Pa.Super. 115, 410 A.2d 1276 (1979), or if the Commonwealth establishes that despite the exercise of due diligence it was unable to locate the defendant. *Commonwealth v. Smith*, 274 Pa.Super. 229, at 232, 418 A.2d 380, at 382 (1980); *Commonwealth v. Bundridge*, 268 Pa.Super. 1, 407 A.2d 406, 408 (1979) *allocatur granted* February 4, 1980; *Commonwealth v. Clark*, 248 Pa.Super. 184, 374 A.2d 1380 (1977).

In *Cohen*, the Supreme Court held that "a defendant on bail who fails to appear at a court proceeding, *of which he has been properly notified,* is unavailable [under Pa.R. Crim.P. 1100(d)] from the time of that proceeding until he is subsequently apprehended or until he voluntarily surrenders himself." *Cohen, supra,* 481 Pa. at 356, 392 A.2d 1327, 392 A.2d at 1331 (emphasis added). The Commonwealth argues that it properly notified the defendant of his trial date and that therefore the defendant was unavailable from the time of the scheduled trial until his arrest on the bench warrant. It relies on Pa.R.Crim.P. 309 as authority that notice of the trial date can be given by certified mail. It contends that for purposes of the exclusion under Pa.R.Crim.P. 1100(d) it is sufficient merely that the notice be sent by certified mail, and that receipt of such notice does not matter. In the context of the facts of the instant case we disagree.

We first consider whether certified mail is a sufficient form of notice under *Cohen.* It is true, as the Commonwealth argues, that Pa.R.Crim.P. 309 permits service to be effected by, inter alia, sending that which must be served by

certified mail. Pa.R.Crim.P. 309(b)(4). However, Pa.R. Crim.P. 309 does not by its terms apply to notice to the defendant to appear for trial. In fact, it has recently been stated that the Pennsylvania Rules of Criminal Procedure are "silent concerning both the requirement and form of notice to defendants to appear for trial." *Commonwealth v. Bundridge, supra,* 268 Pa.Super. at 11, 407 A.2d at 412 (Hoffman, J. dissenting).

■ *Bundridge* is the only case we have discovered which discusses forms of notice which are sufficient under *Cohen.*[3] Relying on *Mullane v. Central Hanover Trust Co.,* 339 U.S. 306, 313–14, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950), *Bundridge* states trial notice which is reasonably calculated to give actual notice is sufficient under *Cohen. Bundridge, supra,* 268 Pa.Super. at 11, 407 A.2d at 412. It specifically mentions that reasonable notice under *Cohen* includes personal service of written notice to the defendant, oral notice to the defendant and oral or written notice to defendant's attorney of record. *Id.* It expressed no opinion as to the propriety of giving notice by certified mail. We hold that since notice by certified mail addressed to the defendant is reasonably calculated to give actual notice, it is a sufficient form of notice under *Cohen.*

■ Although notice by certified mail addressed to the defendant may be a sufficient *form* of notice under *Cohen,* it remains for us to determine whether under the facts of this case the defendant was in fact "properly notified." Although *Cohen* speaks of "receipt of reasonable notice," "willful failure to appear," and "where the defendant is on bail and has notice," *Cohen, supra,* 481 Pa. at 354–55, 392 A.2d at 1330–31, we do not interpret it as requiring *actual* notice to appear. However, we also do not interpret *Cohen* as automatically allowing an exclusion under Pa.R.Crim.P. 1100 whenever the Commonwealth employs a reasonable form of

---

3. This discussion appears in Judge Hoffman's dissenting opinion. Judge Hoffman dissented since he found the record was inadequate to determine whether proper notice had been given to the defendant. The majority did not discuss the forms of notice which are permissible and thus did not disagree with the dissent on this point.

notice. For example, actual notice would not be required when a person on bail failed to notify the authorities of a change of address as required by Pa.R.Crim.P. 4013(c), and notice was sent to his last known address. *Cf. Commonwealth v. Stewart*, 257 Pa.Super. 334, 342, 390 A.2d 1264, 1268 (1978) (petition to extend time under Pa.R.Crim.P. 1100(c)). On the other hand when the Commonwealth employs a reasonable form of notice, knows or should know that the defendant did not receive the notice and the defendant was not at fault for not receiving the notice, the Commonwealth may not exclude time merely because it sent the notice. Such is the instant case.

Here, the judge made findings of fact or there was uncontradicted evidence that, although notice was sent by certified mail and it was correctly addressed, the defendant never received it, he never received the postal notice that stated there was an unsuccessful attempt to deliver the notice and that it was waiting for him at the post office, and he never refused the delivery of the notice. Moreover, the Commonwealth knew he had not received the notice since it was returned to the Commonwealth. Thus, although the Commonwealth employed a reasonable form of notice, since it knew the defendant did not receive the notice and the defendant was not at fault for not receiving the notice, *Cohen* does not allow the Commonwealth an exclusion of time merely because it sent the notice.

 Nevertheless, the Commonwealth may still prevail if it establishes that the defendant could not be located despite its exercise of due diligence. *Commonwealth v. Smith, supra; Commonwealth v. Bundridge, supra; Commonwealth v. Clark, supra.* The lower court did not consider whether or not the Commonwealth exercised due diligence. It merely decided that the defendant was not properly notified under *Cohen*. Under *Cohen* a due diligence analysis is misplaced if the defendant is on bail and has notice. *Cohen, supra*, 481 Pa. at 355, 392 A.2d at 1331. Having found that proper notice was not given under *Cohen*, the lower court should have determined whether the Commonwealth exercised due diligence. For example, the Common-

wealth may have exercised due diligence through its efforts to execute the bench warrant. We note, however, that the mere issuance of a bench warrant does not establish due diligence. *Commonwealth v. Smith, supra; Commonwealth v. Bundridge, supra; Commonwealth v. Clark, supra;* cf. *Commonwealth v. Ashford,* 277 Pa.Super. 400, 419 A.2d 1206 (1980) (due diligence in context of petition to extend time for trial under Pa.R.Crim.P. 1100(c)).

■ Since the lower court failed to consider the issue of due diligence, we remand for an evidentiary hearing to determine whether the Commonwealth can establish its due diligence in locating the defendant and to determine the amount of time excludable under Pa.R.Crim.P. 1100. In a similar situation we have remanded to the lower court. *Commonwealth v. Clark, supra.* In *Clark,* the lower court failed to consider whether the Commonwealth had established due diligence in locating the defendant and the period of time excludable because of the Commonwealth's due diligence. We remanded for an evidentiary hearing on those issues. *Clark, supra,* 248 Pa.Super. at 189, 374 A.2d at 1382. Likewise, in the instant case these issues were not considered by the lower court. Therefore, we remand for an evidentiary hearing.

Remanded.