## Commonwealth v. Evans

*Christine P. Boyd,* for Commonwealth.
*Geoffrey Graham,* for defendant.

BIESTER, *J.,* July 26, 1982—Defendant was convicted in a nonjury trial of burglary and related offenses in the above two cases. His post-verdict motions have been argued before the above panel of judges and are dismissed.

Defendant's post-verdict motions alleged error by the court in denying a pre-trial motion to dismiss pursuant to Pa.R.Crim.P. 1100. We find the failure to bring defendant to trial within the 180-day period mandated by Rule 1100 attributable to defendant's unavailability and these motions are, therefore, dismissed.

The evidence established, and counsel agree, that defendant was arrested on these charges, and complaints issued, on June 12, 1981. Defendant remained incarcerated from that date until July 10, 1981 in the Bucks County Prison. On July 10, 1981,

he waived his preliminary hearing and was granted R.O.R. bail conditioned upon his entry into a drug rehabilitation center.

Notice of arraignment and trial dates were sent by regular mail to the defendant on August 7, 1981, at the address he had provided on the certificate of bail. Arraignment was scheduled for August 19, 1981, but defendant failed to appear and a bench warrant was issued for his arrest. Trial was scheduled for September 29, 1981, and defendant again failed to appear. The bench warrant therefore remained outstanding. At the time defendant was released on bail, July 10, 1981, he orally advised District Justice Kelly that he had been accepted at Pottstown Drug Rehabilitation Center, but was awaiting a bed date. He readvised District Justice Kelly of this status on July 13, 1981. Defendant was physically admitted to the Pottstown program on July 17, 1981. Defendant advised District Justice Kelly orally, by telephone, on August 28, 1981 and on November 25, 1981, that he was at Pottstown. When defendant again advised District Justice Kelly on December 6, 1981 that he was at Pottstown, he was told to contact the court of common pleas, which he did. On December 8, 1981, the bench warrant was rescinded and therefore defendant was duly brought to trial on January 27, 1982.

The question presented to the court is whether the period of time during which the bench warrant was outstanding against defendant from August 9, 1981 to December 8, 1981, or any part thereof, is excludable from the Rule 1100 180-day period. Section (d)(1) of the rule provides that periods of delay resulting from the unavailability of defendant may be excluded from the 180-day period. The Supreme Court in Com. v. Cohen-Holmes, 481 Pa. 349, 392

A. 2d 1327 (1978), held that a defendant on bail is responsible for making himself available for any court appearance required of him, upon receipt of reasonable notice. A defendant who fails to so appear is unavailable, within the meaning of Rule 1100(d)(1), from the time of such proceeding until he is apprehended or until he voluntarily surrenders himself. In addition, Cohen holds that the Commonwealth need not show efforts to apprehend defendant during the period in order to exclude the period under Section (d)(1).

The court can and should exclude the period of time in the instant case if proper or reasonable notice was given to defendant. The Pennsylvania Rules of Criminal Procedure are silent concerning the type of notice to defendant to appear for trial: Com. v. Snyder, 280 Pa. Superior Ct. 127, 421 A. 2d 438, 440 (1980). Snyder held that notice by certified mail would meet the requirements of Cohen since it is reasonably calculated to give actual notice. Actual notice is not required under Snyder. The Superior Court specifically referred to the possibility of a person on bail failing to notify the authorities of a change of address as required by Pa.R.Crim.P. 4013(c), and notice is sent to his last known address. The court advised that actual notice would not be required under such circumstances.

Defendant's position that notice was given of the change of address as required by Rule 4013(c) does not conform to our reading of that Rule as applied to the facts of this case. Rule 4013(c) provides that defendant shall give written notice to the issuing authority, the clerk of courts, the district attorney, and court bail agency or other designated court bail officer. This requirement is printed on the back of the certificate of bail. Defendant in this case gave mere oral notice to the issuing authority (who is not

an agent of the district attorney) and no notice to any other office. Defendant clearly failed to give adequate notice of the change of address under Rule 4013(c), and the trial court found such as a matter of fact.

We think that the Commonwealth is reasonably entitled to rely on the address given by defendant on his certificate of bail and that notice by regular mail to such address is reasonably calculated to give actual notice to defendant within the requirements of Snyder and Cohen. It is important to note that regular mail notice was sent to the bail piece address and was not returned. Thus the Commonwealth was not placed on warning that the actual notice had not been received. Reasonable notice having been given, due diligence need not be shown in thereafter trying to locate defendant.

### ORDER

And now, July 26, 1982, it is hereby ordered, directed and decreed that the post-trial motions are denied, dismissed and overruled and defendant is directed to appear for sentencing in Courtroom No. 4 at the Bucks County Courthouse, Doylestown, Pa., at 9 a.m. on September 1, 1982.