569 A.2d 328

**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**Eric MAXWELL, Appellant.**

Supreme Court of Pennsylvania.

Argued May 11, 1988.

Decided Dec. 21, 1989.

Reargument Denied Feb. 7, 1990.

Dissenting Opinion of Chief Justice Nix Feb. 7, 1990.

Spero T. Lappas, Harrisburg, for appellant.

Richard A. Lewis, Dist. Atty., Yvonne A. Okonieski, Deputy Dist. Atty., Matthew R. Gover, Harrisburg, for appellee.

Leonard Sosnov, John W. Packel, Asst. Public Defenders, Benjamin Lerner, Public Defender, for amicus curiae Def. Assn. of Phila.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and STOUT, JJ.

## ORDER

PER CURIAM.

It being brought to the attention of this Court that, on August 20, 1989, the Appellant escaped from the State Correctional Institution at Huntingdon, the appeal is dismissed. See, *Commonwealth v. Passaro*, 504 Pa. 611, 476 A.2d 346 (1984).

STOUT, Former Justice, did not participate in the decision of this case.

ZAPPALA, J., dissents.

## AMENDED ORDER

PER CURIAM

AND NOW, this 7th day of February, 1990, the Application for Reconsideration or Reargument filed by Appellant is DENIED.

NIX, C.J., files a dissenting statement.

ZAPPALA, J., dissents.

NIX, Chief Justice, dissenting.

I must disagree with the Court's reliance on *Commonwealth v. Passaro*, 504 Pa. 611, 476 A.2d 346 (1984), as a basis for denying the instant petition for reargument and affirming the dismissal of petitioner's appeal. The ratio-

nale of *Passaro* was that a defendant who had abandoned his appeal by escaping from prison and occasioning the quashing of the appeal rendered himself unavailable to the Court's jurisdiction and forfeited his right to a "second" appeal. The ruling was justified upon the facts of *Passaro*, wherein the defendant's appeal was quashed by the Superior Court six months after the defendant had escaped and while he remained a fugitive. This Court affirmed the Superior Court's denial of the defendant's petition to reinstate the appeal, which was filed upon the defendant's recapture four months later. *Id.*, 504 Pa. at 613, 476 A.2d at 347. The defendant's lengthy absence sufficiently disrupted the appellate process so as to warrant refusal to reinstate the quashed appeal.

The facts of the instant case are easily distinguishable. In this matter, petitioner escaped from prison and was recaptured the following day. This Court was unaware of his brief absence until approximately one month after he was returned to prison. Essential to the rationale established in *Passaro* is that the disruption of the appellate process justifies a conclusion that the constitutional right of appeal was forfeited thereby. In this matter, the appellate process was in no way impacted by the aborted escape. It must be emphasized that our laws provide for specific sanctions for conduct of this nature. 18 Pa.C.S. § 5121. To apply a concept of forfeiture of the constitutional right to appeal would be in effect an additional judicially-determined sanction imposed as a result of the attempted escape, a sanction which would abrogate a fundamental state constitutional right. Such an act, in my judgment, is improper.

I, therefore, dissent.