663 A.2d 803

COMMONWEALTH of Pennsylvania

v.

Allen WOODS, Appellant.

Superior Court of Pennsylvania.

Argued June 8, 1995.

Filed Aug. 16, 1995.

Mark P. Much, Media, for appellant.

Joseph J. Mittleman, Assistant District Attorney, Media, for Com., appellee.

Before McEWEN, TAMILIA and KELLY, JJ.

KELLY, Judge.

In this appeal, we are called upon to determine whether the trial court must dismiss charges against an appellant where the Commonwealth failed to bring the appellant to trial within one hundred, eighty days pursuant to the Interstate Agreement on Detainers, 42 Pa.C.S.A. § 9101, or, whether the time limitation may be tolled by the appellant's inability to stand trial due to his continuous presence in federal custody. We hold that where the Commonwealth has made diligent efforts to retrieve an appellant from federal custody, the one hundred, eighty day statute of limitations is tolled until such time as the appellant reaches the promised destination where the Commonwealth may, actually, take him into physical custody.

Appellant, Allen Woods, appeals from his judgment of sentence entered on May 13, 1994, in the Court of Common Pleas, Delaware County, following a non-jury trial before the Honorable Joseph F. Battle, where appellant was convicted of robbery,[1] theft,[2] receiving stolen property,[3] and criminal conspiracy.[4] We affirm.

On June 28, 1991, appellant was arrested and charged with robbery, theft, simple assault,[5] receiving stolen property and criminal conspiracy. On September 21, 1991, at his preliminary hearing, appellant was bound over on all charges. Arraignment was set for October 24, 1991 in Delaware County. (Trial Court Opinion, 11/17/94 at 1). Appellant did not appear, and a bench warrant was issued. The Commonwealth had no

1. 18 Pa.C.S.A. § 3701.
2. 18 Pa.C.S.A. § 3921.
3. 18 Pa.C.S.A. § 3925.
4. 18 Pa.C.S.A. § 903.
5. The simple assault charge was dismissed before trial.

indication as to his whereabouts until July 16, 1993, when a detainer action letter was received from the U.S. Department of Justice showing that appellant was in custody at Federal Corrections Institution (FCI), Oxford, WI, serving a federal sentence. (*Id.* at 1). The Delaware County District Attorney's Office responded to the communique on July 27, 1993, indicating that appellant was a fugitive from outstanding Pennsylvania charges. (N.T. 2/16/95 at 6).

On August 26, 1993, the Delaware County District Attorney's Office received appellant's written request for final disposition of the charges, triggering the provision of the Interstate Agreement on Detainers requiring a prisoner to be brought to trial on the designated charges no later than one hundred, eighty days from receipt of request by the District Attorney's Office. At that time, FCI authorities in Wisconsin assured Delaware County that appellant would be back in Pennsylvania at FCI Allenwood in "one or two weeks." (*Id.* at 8). On September 30, 1993, the District Attorney's Office contacted FCI Allenwood and was informed that appellant was "on a bus, plane or train." (*Id.* at 9). On November 4, 1993, the District Attorney's Office again contacted Allenwood and this time was told that appellant was in FCI, El Reno, OK (a "clearinghouse" for transferring federal prisoners). (*Id.* at 9). The District Attorney's Office immediately instituted paperwork to secure the return of appellant to Delaware County. On November 16, 1993, appellant arrived at Allenwood. (*Id.* at 10). He was returned to Delaware County Prison on January 27, 1994. (*Id.* at 11). On April 13, 1994, appellant waived his right to a jury trial and was convicted by Judge Battle of robbery, theft, receiving stolen property, and criminal conspiracy. Judge Battle sentenced appellant to a term of two to four years imprisonment for robbery[6] to be served concurrently with his fifteen year federal sentence and, for criminal conspiracy, six to twenty-three months imprisonment, to be served consecutively to the federal sentence. (Trial Court Opinion, 11/17/94 at 2).

6. For sentencing purposes, the convictions for theft and receiving stolen property merged with robbery.

On appeal, appellant raises two questions [7] for our review:

1. DID THE TRIAL COURT ERR IN DENYING APPELLANT'S MOTION TO DISMISS THE CHARGES BECAUSE THE COMMONWEALTH FAILED TO BRING [APPELLANT] TO TRIAL WITHIN 180 DAYS IN ACCORDANCE WITH THE INTERSTATE COMPACT ON DETAINERS?

2. WAS TRIAL COUNSEL INEFFECTIVE FOR FAILING TO FILE A MOTION TO DISMISS FOR A VIOLATION OF THE INTERSTATE AGREEMENT ON DETAINERS?

(Appellant's Brief at 3).

The Interstate Agreement on Detainers, enacted by Pennsylvania in 1976, states in part:

### Article III

(a) Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within 180 days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint: Provided, That for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance. The request of the prisoner shall be accompanied by a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to

---

7. Appellant's brief originally raised three issues, including one which challenged the sufficiency of evidence. However, before submission, appellant's counsel withdrew the third issue.

be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the state parole agency relating to the prisoner.

42 Pa.C.S.A. § 9101(III)(a).

Both appellant and the Commonwealth stipulate that the Office of the District Attorney of Delaware County received appellant's written request for final disposition on August 26, 1993. Appellant argues that Delaware County was therefore required to commence his trial on or before February 22, 1994. Appellant further asserts that the Commonwealth did not file for a continuance, and yet did not commence trial until April 13, 1994, exceeding the one hundred, eighty day statute of limitations by forty-nine days. Appellant claims that this was a breach of procedure and necessitated a dismissal of the charges against him. We disagree.

The Interstate Agreement on Detainers is consistent with Rule 1100 of the Pennsylvania Rules of Criminal Procedure in its concern with bringing offenders to a speedy trial. While the Interstate Agreement on Detainers requires that a prisoner detained in another state's jurisdiction be brought to trial within one hundred, eighty days of the Commonwealth's receipt of the prisoner's request for final disposition, Rule 1100 (not specifically addressing extradition) requires trial to commence within one hundred, eighty days of the date on which the complaint is filed.

Both statutes, however, have identified one hundred, eighty days as an appropriate limit for a "speedy trial" and both have provisions for exceptions to the linear running of the one hundred, eighty days. Article (VI)(a) of the Interstate Agreement on Detainers states:

(a) In determining the duration and expiration dates of the time periods provided in Articles III and IV of this agreement, the running of said time periods shall be tolled whenever and for as long as the prisoner is *unable to stand trial*, as determined by the court having jurisdiction of the matter.

42 Pa.C.S.A. § 9101(VI)(a) (emphasis added). Rule 1100 states:

(c) In determining the period for commencement of trial, there shall be *excluded* therefrom:

(1) the period of time between the filing of the written complaint and the defendant's arrest; provided that the defendant could not be apprehended because his whereabouts were unknown and could not be determined by due diligence;

(2) any period of time for which the defendant expressly waives Rule 1100;

(3) *such period of delay* at any stage of the proceedings *as results from*:

(i) *the unavailability of the defendant* or his attorney;

(ii) any continuance granted at the request of the defendant or his attorney.

Pa.R.Crim.P. 1100(c) (emphasis added).

This Court has been consistent, whether under the Interstate Agreement on Detainers or Rule 1100 cases, in acknowledging that "the period of time between an accused's waiver of extradition and his subsequent return to Pennsylvania may be held ultimately excludable if the Commonwealth demonstrates due diligence in effectuating that return," *Commonwealth v. Martin,* 306 Pa.Super. 108, 115, 452 A.2d 238, 241 (1982), and in designating this period of time as a period of "unavailability of the defendant" as specified in Pa.R.Crim.P. 1100(c)(3)(i), and a period when defendant is "unable to stand trial." 42 Pa.C.S.A. § 9101(VI)(a).

 Due diligence is a "fluid concept" which must be determined on a "case by case" basis. *Commonwealth v. Lloyd,* 370 Pa.Super. 65, 81, 535 A.2d 1152, 1160 (1988), *allocatur denied,* 518 Pa. 637, 542 A.2d 1367 (1988). But it is well settled that a "defendant incarcerated in another jurisdiction will be deemed 'unavailable' for the period of time during which his presence, despite the Commonwealth's duly diligent efforts, cannot otherwise be obtained." *Id.* (citing *Commonwealth v. Maxwell,* 355 Pa.Super. 575, 513 A.2d 1382 (1986),

*appeal dismissed,* 524 Pa. 53, 569 A.2d 328 (1989)). What is more, "in addition to any other circumstances precluding the availability of the defendant ... the defendant should be deemed unavailable for the period of time during which ... a responding jurisdiction delayed ... extradition." *Id.* (citing *Commonwealth v. DeMarco,* 332 Pa.Super. 315, 481 A.2d 632 (1984)). When it has been determined that the Commonwealth adhered to procedures requested by the sending jurisdiction and has properly relied on that jurisdiction's assertions, the Commonwealth will have exercised "due diligence." *Id.* Furthermore, insofar as the Commonwealth believed it pursued the prisoner's return to the fullest extent within its control, any "period of inactivity" is excluded from the running of the statute of limitations. *Id.* at 82, 535 A.2d at 1160. What is important is what the Commonwealth *did* do; not what it did *not* do. *Id.* at 83, 535 A.2d at 1161.

█ Instantly, the record shows that the Office of the District Attorney of Delaware County tracked the whereabouts of appellant at each juncture when he missed his appointed return to the Commonwealth. Upon receipt of appellant's request for final disposition, on August 26, 1993, the one hundred, eighty day time period began to run. 42 Pa.C.S.A. § 9101(III)(a). Once the "one or two weeks" stipulated by the federal authorities to return him to FCI Allenwood (N.T. 2/16/95 at 8) had come and gone, the district attorney's office contacted Allenwood, at which point the district attorney was told that appellant was en route. (*Id.* at 9). Approximately one month later, the Delaware County District Attorney again contacted Allenwood and learned that appellant was, instead, in FCI, El Reno, OK. The District Attorney instituted additional paperwork to expedite transfer to Delaware County from Allenwood as soon as appellant arrived there. Finally, appellant arrived at Allenwood on November 16, 1993. At this point, eighty-two days had elapsed from the District Attorney's receipt of appellant's request for final disposition, during which he was unavailable and unable to stand trial.

■ It is not merely the fact of appellant's incarceration in another jurisdiction that deems him unavailable. Rather, appellant is considered unavailable only for that period of time during which he could not be retrieved, *Commonwealth v. Heath,* 288 Pa.Super. 119, 125, 431 A.2d 317, 319 (1981), or a responding jurisdiction delayed extradition, *Commonwealth v. Kovacs,* 250 Pa.Super. 66, 71, 378 A.2d 455, 458 (1977); *Commonwealth v. Alexander,* 318 Pa.Super. 344, 464 A.2d 1376 (1983), despite due diligence by the Commonwealth. *Commonwealth v. McCafferty,* 242 Pa.Super. 218, 224, 363 A.2d 1239, 1241 (1976) (quoting Comment to Rule 1100).

In *Commonwealth v. Richbourgh,* 246 Pa.Super. 300, 369 A.2d 1331 (1977), too, this Court found that an accused was "unavailable" under Rule 1100 for the period of time during which he was in another state only when the Commonwealth exercised diligent efforts to secure his timely return. *Commonwealth v. Kovacs, supra* at 70, 378 A.2d at 457. *See also Commonwealth v. Smith,* 274 Pa.Super. 229, 232, 418 A.2d 380, 382 (1980) (where Commonwealth made no attempt to secure defendant while statute of limitations ran, requiring charges be dismissed). With respect to the Interstate Agreement on Detainers, we have held that defendants incarcerated outside Pennsylvania are to be afforded the protection of Rule 1100. *Commonwealth v. McCafferty, supra* at 224, 363 A.2d at 1241.

■ The Commonwealth has the burden of proving by a preponderance of the evidence that it exercised due diligence in seeking the return of appellant before it can establish that appellant was "unavailable" and therefore "unable to stand trial" as specified in Rule 1100 and the Interstate Agreement on Detainers. *Commonwealth v. Newman,* 382 Pa.Super. 220, 229, 555 A.2d 151, 155 (1989), *allocatur denied,* 540 Pa. 580, 655 A.2d 512 (1995). The court record contains ample evidence that the Office of the District Attorney of Delaware County was diligent in tracking and requesting the return of appellant at every appropriate juncture while appellant was within federal jurisdiction. (N.T. 2/16/95 at 5–11). Therefore, the time from receipt of appellant's request for final disposi-

tion (August 26, 1993) until appellant was received at FCI Allenwood (November 16, 1993), a total of eighty-two days, may properly be tolled against the one hundred, eighty day statute of limitations. Appellant was brought to trial one hundred, forty-seven days later, well within the one hundred, eighty day limit. We, therefore, conclude that the trial court did not violate the provisions of the Interstate Agreement on Detainers Act, 42 Pa.C.S.A. § 9101, which requires that appellant be brought to trial within one hundred, eighty days from the time when the prosecuting officer receives appellant's request for final disposition, where the trial court justifiably found that appellant was "unable to stand trial" for a period of eighty-two days. *See* 42 Pa.C.S.A. § 9101(vi)(a).

Appellant next argues that he was denied his right to effective assistance of counsel because trial counsel failed to file a motion to dismiss charges where trial commenced more than one hundred, eighty days after the district attorney's receipt of appellant's request for final disposition on August 26, 1993.

In order to prevail on an assertion of ineffectiveness of counsel, three elements must be proven. Appellant must show that "by act or omission, counsel was arguably ineffective; counsel's act or omission could not have had a reasonable basis designed to effectuate appellant's interests; *and* appellant was prejudiced by the act or omission in that but for the arguably ineffective act or omission there is reasonable probability that the result would have been different." *Commonwealth v. Petras*, 368 Pa.Super. 372, 376, 534 A.2d 483, 485 (1987) (emphasis added).

Instantly, the assertion that the one hundred, eighty day statute of limitations had expired is dispelled by the tolling of those days when appellant was in federal custody outside of Pennsylvania despite the Commonwealth's diligent efforts to retrieve him. The convictions resulting from the trial of April 13, 1994 were a matter for the trier of fact and do not change once the legally elapsed time has been determined. Thus,

there is no possibility that the result would have been different even if trial counsel had filed the motion to dismiss.

 The Commonwealth of Pennsylvania's own Rule 1100 and its adoption of the Interstate Agreement on Detainers are consistent in their expression of the Commonwealth's desire to bring the criminally accused to a speedy trial. In this way, two interests are served: (1) the protection of the accused's speedy trial rights and (2) the protection of society. *Commonwealth v. Martin,* 306 Pa.Super. 108, 114, 452 A.2d 238, 241 (1982). Thus, such legislation was not enacted to allow the criminal defendant to escape from good faith prosecution which has been delayed beyond the statute of limitations through no fault of the Commonwealth. *Id.* at 114, 452 A.2d at 241; *see also Commonwealth v. Guldin,* 502 Pa. 66, 463 A.2d 1011 (1983). Rather, we have always recognized the "collective right of the community to vigorous law enforcement." *Commonwealth v. Martin, supra* at 115, 452 A.2d at 241. And, "[s]o long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule 1100 [and its corollary section in the Interstate Agreement on Detainers] must be construed in a manner consistent with society's right to punish and deter crime." *Id.* at 115, 452 A.2d at 241.

Therefore, pursuant to the provisions for tolling time when appellant was unavailable for trial despite documented diligent efforts of the Commonwealth to secure him, appellant was brought to trial within the prescribed statutory limit and whether or not trial counsel filed a motion to dismiss, appellant's conviction would still stand. Thus, counsel may not be deemed ineffective for failing to file a meritless motion. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.