720 A.2d 738

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Charles MONTIONE, Appellant.**

Supreme Court of Pennsylvania.

Argued Dec. 11, 1997.

Decided Nov. 24, 1998.

Frank W. Nocito, Kingston, for Charles Montione.

Eugene M. Talerico, Jr., Michael J. Barrasse, Scranton, for the Com.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, and NEWMAN, JJ.

*OPINION OF THE COURT*

FLAHERTY, Chief Justice.

We granted allocatur in this case solely to resolve an issue of first impression whether filing pretrial motions tolls the statutory time limitations of the Interstate Agreement on Detainers (IAD), 42 Pa.C.S. § 9101 et seq.

On December 23, 1994, the Lackawanna County district attorney, pursuant to the IAD, filed a request for temporary custody of appellant who was then serving a 168 month sentence in the U.S. penitentiary at Lewisburg, Pennsylvania for a conviction on federal drug charges. The district attorney sought to try appellant on a charge of first degree murder as an accomplice, as well as other charges, in relation to a contract killing. Appellant was transferred from federal pris-

on to state custody on February 4, 1994, and a preliminary hearing was held that day. Appellant was held for trial on all charges.

On February 17, 1994, the Commonwealth filed a motion to consolidate appellant's case with that of the principal in the murder. A hearing on the motion was scheduled for March 24, 1994, and then continued without objection until April 28, 1994. On March 17, 1994, appellant filed an omnibus pretrial motion that included motions to quash the information, to suppress statements, and to appoint an investigator. The Commonwealth answered appellant's motion on March 21, 1994.

In early July, appellant wrote two letters to the trial court, one stating that he was ready for trial and the other advising the court of the applicability of the IAD. On September 1, 1994, appellant filed a motion to dismiss the charges for violation of the IAD. On July 27 and September 22, the court entered orders finding appellant unable to stand trial as the motion to quash was still outstanding. On October 14, 1994, the motion to consolidate was granted and the omnibus motion was denied. Trial was scheduled for November 17, 1994.

Trial was subsequently rescheduled for January 4, 1995, and after a hearing, the motion to dismiss was denied on December 20, 1994. Jury selection began on January 4, 1995, at which time appellant waived his right to a jury trial. Appellant's trial was separated from that of the principal who did not waive his right to a jury trial. A bench trial commenced on January 6, 1995. Appellant was convicted of first degree murder and criminal conspiracy and sentenced to life imprisonment plus five to ten years. The judgment was affirmed by the superior court. Appellant has since been returned to federal custody and now argues that the courts below erred by concluding that the filing of pretrial motions rendered him unable to stand trial, thereby tolling the time limitations of the IAD. We disagree.

The IAD is an agreement between forty-eight states, the District of Columbia, Puerto Rico, the Virgin Islands, and

the United States, that establishes procedures for the transfer of prisoners incarcerated in one jurisdiction to the temporary custody of another jurisdiction which has lodged a detainer against a prisoner. *Carchman v. Nash,* 473 U.S. 716, 105 S.Ct. 3401, 87 L.Ed.2d 516 (1985). Unlike a request for extradition, which is a request that the state in which the prisoner is incarcerated transfer custody to the requesting state, a detainer is merely a means of informing the custodial jurisdiction that there are outstanding charges pending in another jurisdiction and a request to hold the prisoner for the requesting state or notify the requesting state of the prisoner's imminent release. *Id.* The IAD is remedial legislation intended to curb previous abuses and alleviate problems associated with prisoners' uncertainty resulting from unresolved charges pending in another jurisdiction.[1] *United States v. Scheer,* 729 F.2d 164 (2d Cir.1984). Accordingly, the stated purpose of the IAD is to "encourage the expeditious and orderly disposition of such charges and determination of the proper status of any and all detainers based on untried indictments, informations or complaints." 42 Pa.C.S. § 9101, Article I.

When a detainer is lodged, the sending jurisdiction[2] must so inform the prisoner; the prisoner may then request that the

---

**1.** Prior to the IAD, the lodging of a detainer against a prisoner may have had many prejudicial effects. For example, efforts at rehabilitation are thwarted due to the anxiety and apprehension a prisoner experiences when faced with outstanding charges in another jurisdiction. *United States v. Mauro,* 436 U.S. 340, 98 S.Ct. 1834, 56 L.Ed.2d 329 (1978). Furthermore, the prisoner is often considered a higher risk of escape and is ineligible for more desirable work assignments or parole. *Id.* Additionally, the very informality of detainer proceedings, which did not carry with them the procedural protections of extradition proceedings, left them open for abuse. *Id.* For example, detainers "may be filed groundlessly, or even in bad faith," resulting in prejudices such as those described herein. *Id.* at 358 n. 25, 98 S.Ct. at 1846 n. 25, 56 L.Ed.2d at 345 n. 25. One final concern is that sentencing courts may be reluctant to impose as long a sentence as might otherwise be appropriate since the prisoner would be facing additional prison time upon completion of his sentence. *Id.* at 360, 98 S.Ct. at 1847, 56 L.Ed.2d at 346–47.

**2.** For purposes of the IAD, the sending jurisdiction is the jurisdiction where the prisoner is incarcerated when he requests disposition of the

outstanding charges be expeditiously resolved. 42 Pa.C.S. § 9101, Article III. Upon receipt of this request, the receiving jurisdiction has 180 days to bring the prisoner to trial.[3] *Id.* If the prisoner does not request the expeditious resolution of charges or challenges extradition, the receiving jurisdiction has 120 days to bring him to trial upon gaining custody of the prisoner. 42 Pa.C.S. § 9101, Article IV. The act also provides that the court may grant any necessary or reasonable continuance for good cause shown in open court with the prisoner or his counsel present, and that the statute is tolled "whenever and for as long as the prisoner is unable to stand trial, as determined by the court...." 42 Pa.C.S. § 9101, Articles IV and VI. Appellant argues that a continuance was not properly granted and that the phrase "unable to stand trial" refers only to mental or physical inability and not legal inability.

Although this is an issue of first impression in Pennsylvania, several federal jurisdictions have considered this matter with conflicting results. Some courts have strictly construed the provisions of the IAD and applied it in a prophylactic manner in favor of the defendant. *See e.g., Birdwell v. Skeen,* 983 F.2d 1332 (5th Cir.1993), and *Stroble v. Anderson,* 587 F.2d 830 (6th Cir.1978), *cert. denied* 440 U.S. 940, 99 S.Ct. 1289, 59 L.Ed.2d 499 (1979). However, many courts have reached the opposite conclusion and applied the IAD in a less severe manner. *See e.g., United States v. Neal,* 36 F.3d 1190 (1st Cir.1994); *United States v. Johnson,* 953 F.2d 1167 (9th Cir.1992), *cert. denied,* 506 U.S. 879, 113 S.Ct. 226, 121 L.Ed.2d 163 (1992); *United States v. Dawn,* 900 F.2d 1132, (7th Cir.1990), *cert. denied,* 498 U.S. 949, 111 S.Ct. 368, 112 L.Ed.2d 330 (1990); *United States v. Scheer, supra;* and *United States v. Hines,* 717 F.2d 1481 (4th Cir.1983), *cert.*

charges or when a request for custody is made. 42 Pa.C.S. § 9101, Article II. The receiving jurisdiction is the jurisdiction where the prisoner will be tried on the pending charges upon which the detainer is based. *Id.*

3. The prisoner is deemed to have waived extradition upon making a request for expeditious disposition of pending charges. 42 Pa.C.S. § 9101, Article III. The IAD provides procedures for the subsequent transfer of custody. 42 Pa.C.S § 9101, Article V.

*denied,* 467 U.S. 1214, 1219, 104 S.Ct. 2656, 2668, 81 L.Ed.2d 363, 373 (1984). These courts have interpreted the IAD to allow for tolling of the time limitations for delays occasioned by the defendant such as the time it takes for disposition of motions filed by the defendant. *Neal,* 36 F.3d at 1210; *Dawn,* 900 F.2d at 1136; *Scheer,* 729 F.2d at 168; *Hines,* 717 F.2d at 1486 (additionally holding that delay excludable under the speedy trial act, 18 U.S.C. § 3161 et seq., was excludable under the IAD); and *Johnson,* 953 F.2d at 1172 (also holding that delay excludable under the speedy trial act was excludable under the IAD).

■ Although this court has not previously addressed tolling requirements in relation to the IAD, we find persuasive the analysis and interpretation of the courts that held that delay occasioned by the defendant is excludable, particularly in light of recent application of speedy trial provisions to IAD cases by Pennsylvania courts. *See e.g., Commonwealth v. Woods,* 444 Pa.Super. 321, 663 A.2d 803 (Pa.Super.1995)(applying speedy trial provisions to the IAD in holding that defendant's continued presence in federal custody constitutes an inability to stand trial, thereby tolling the statute). *Cf. Commonwealth v. Riffert,* 379 Pa.Super. 1, 549 A.2d 566 (Pa.Super.1988), *alloc. denied,* 522 Pa. 602, 562 A.2d 825 (Pa.1989)(holding that the speedy trial provision is tolled when a defendant's pretrial motion is pending). The *Woods* court determined that the IAD is consistent with the speedy trial provisions of Pa.R.Crim.P. 1100. *Woods,* 663 A.2d at 806.

Additionally, this court has explicitly held that the IAD may be tolled by the defendant's own actions. *Commonwealth v. Washington,* 488 Pa. 133, 411 A.2d 490 (Pa.1979). In *Washington,* this court found no violation of the IAD where, in addition to consenting to a continuance of his trial, the defendant also delayed the start of his trial by filing a motion to dismiss one day before his trial was to begin. *Id.* at 491. Although the court in *Washington* disposed of the defendant's motion one day later, unlike the present case in which the court took months to dispose of appellant's motions, such a distinction is not grounds for dismissal of the charges. We

accept the superior court's reliance on *United States v. Taylor*, 861 F.2d 316 (1st Cir.1988), for the premise that inquiry into the reasonableness of the time required to dispose of the appellant's motion is an inappropriate matter for review. The court held that it would be "imprudent and impractical" to scrutinize every motion in order to determine whether it could have been disposed of more expeditiously. *Commonwealth v. Montione*, 449 Pa.Super. 239, 673 A.2d 923 (1996).

In the present case, appellant filed an omnibus pretrial motion including a motion to quash the information, as well as a motion to dismiss. The trial could not commence until these motions were resolved. By filing these motions, appellant implicitly consented to allow the court the requisite amount of time in order to dispose of them.

The judgment is affirmed.

NIGRO, J., files a concurring opinion in which CASTILLE, J., joins.

NIGRO, Justice, concurring.

I concur in the result reached by the majority. I write separately to clarify the reasoning behind my conclusion on this issue of first impression.

The issue presented is whether the filing of a pretrial motion tolls the time period within which Appellant had to be brought to trial under the Interstate Agreement on Detainers (IAD), 42 Pa.C.S. §§ 9101–9108 (1982). The IAD provides that:

trial shall be commenced within 120 days of the arrival of the prisoner in the receiving state, but for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance.

*Id.* § 9101, Article IV(c). The IAD further provides:

In determining the duration and expiration dates of the time periods provided in Articles III and IV of this agreement, the running of said time periods shall be tolled whenever

and for as long as the prisoner is unable to stand trial, as determined by the court having jurisdiction of the matter.

*Id.* § 9101, Article VI(a).

Appellant argues that he was not brought to trial within 120 days, the case was not continued, and he was not "unable to stand trial" at any time before the running of the 120–day period. Appellant maintains that the lower courts erred by referring to speedy trial provisions contained in the Pennsylvania Rules of Criminal Procedure. Appellant also states that by finding that the filing of pretrial motions tolled the IAD's time requirements, the lower courts in effect punished him for pursuing his right to file such motions by allowing them only at the expense of his rights under the IAD.

Appellant relies in part upon the Fifth Circuit Court of Appeals' decision in *Birdwell v. Skeen*, 983 F.2d 1332 (5th Cir.1993). *Birdwell* involved another IAD provision requiring a prosecutor to bring a prisoner to trial within 180 days of when he receives a prisoner's request for a final disposition of the charges. At a hearing on the defendant's motion to dismiss, the trial court granted a continuance so that the State could determine whether it needed the testimony of its investigator, who was unavailable due to an injury. Although a one-week continuance was granted, the hearing did not resume for three weeks.

In considering the defendant's claim that the IAD was violated, the Fifth Circuit addressed whether the defendant's motions tolled the running of the 180–day time period. The court rejected the State's argument that the time period was tolled because the defendant was unable to stand trial from the time he filed motions until they were resolved. 983 F.2d at 1340–41. The court reasoned that the phrase "unable to stand trial" was consistently used by federal courts to refer to a party's physical or mental ability to stand trial. *Id.* The court declined to expand the phrase to encompass a legal inability to stand trial due to outstanding motions. *Id.* Since there was no contention that the defendant was mentally or

physically unable to stand trial, the court concluded that the tolling provision did not apply. *Id.*[1]

Appellant also relies upon *Stroble v. Anderson,* 587 F.2d 830 (6th Cir.1978), *cert. denied,* 440 U.S. 940, 99 S.Ct. 1289, 59 L.Ed.2d 499 (1979). In *Stroble,* the defendant was brought to Michigan on murder charges under the IAD. Shortly before his trial date, the defendant filed a petition for a writ of habeas corpus in district court and the state authorities continued the trial pending the disposition of the petition. Because of the continuance, the defendant was brought to trial more than 120 days after he was brought to Michigan.

While the district court found that the habeas corpus proceedings did not toll the IAD's time requirement, it rejected the defendant's claim that the IAD was violated because it concluded that the continuance tolled the 120–day period. The Sixth Circuit Court of Appeals, however, held that the 120–day requirement was violated. It found that the record did not disclose any determination by the state courts that the defendant was unable to stand trial. 587 F.2d at 838. He was within the trial court's jurisdiction and there was no showing that he was physically or mentally disabled. *Id.* The court further found that neither the defendant nor the prosecutor sought a postponement of the trial. *Id.* In addition, the record did not establish that the continuances were granted on good cause shown in open court, as required by the IAD, nor did it reflect a subsequent agreement to a continuance. *Id.* at 839.

While the issue on appeal in *Stroble* related to whether a continuance was granted on good cause shown in open court, *Birdwell* supports Appellant's argument that his pretrial motion did not toll IAD time requirements. Other federal courts, however, have reached the opposite result. In *United States v. Neal,* 36 F.3d 1190 (1st Cir.1994), *cert. denied,* —— U.S.

---

1. The court further held that the one-week continuance was not for good cause because the State could have determined before the hearing whether it needed its investigator to testify. *Id.* at 1340. The court also found that the additional two-week postponement did not toll the 180–day period because such a continuance was not granted in open court or in counsels' presence. *Id.* at 1339.

———, 117 S.Ct. 519, 136 L.Ed.2d 407 (1996), a defendant was convicted of various crimes in federal court in New Hampshire. On appeal, the defendant argued that the district court erred in refusing to dismiss his indictment under the IAD because the court failed to try him within 120 days of his appearance in New Hampshire. In denying the motion to dismiss, the district court found that the 120–day time requirement was not violated in part because the clock was tolled while the defendant's pretrial motions were pending.

The First Circuit Court of Appeals affirmed, holding that delay attributable to the disposition of a defendant's motions is excludible from the 120–day time period. 36 F.3d at 1210. The court reasoned that the IAD's provision for tolling when a prisoner is unable to stand trial applies in this circumstance. *Id.* The First Circuit, however, holds out the possibility that an IAD violation may occur in certain cases where the court takes more time than necessary to resolve pretrial motions. *Id.* Under the facts in *Neal,* the court found that a 28–day delay in resolving the defendant's seven pretrial motions was not unreasonable, and that after excluding this delay, there was no violation of the IAD. *Id.*[2] In addition, the Seventh Circuit has also found that the "unable to stand trial" tolling provision applies when a defendant files pretrial motions. *See United States v. Dawn,* 900 F.2d 1132 (7th Cir.), *cert. denied,* 498 U.S. 949, 111 S.Ct. 368, 112 L.Ed.2d 330 (1990).

Employing a different rationale, the Ninth Circuit also tolls the time requirements of the IAD for delays attributable to a defendant's pretrial motions. In *United States v. Johnson,* 953 F.2d 1167 (9th Cir.), *cert. denied,* 506 U.S. 879, 113 S.Ct. 226, 121 L.Ed.2d 163 (1992), the court addressed a challenge that the defendant's trial was untimely under the 180–day IAD requirement. The court stated that the Speedy Trial Act

**2.** The majority cites the First Circuit case *United States v. Taylor,* 861 F.2d 316 (1st Cir.1988), to support its conclusion that it is inappropriate to evaluate the reasonableness of the time a court takes to decide a motion. While the First Circuit found such a review inappropriate under the facts of *Taylor,* as stated in *Neal,* the *Taylor* court left open the possibility that under certain circumstances, a lengthy delay in disposing of a motion may constitute a violation of the IAD.

of 1974, 18 U.S.C. §§ 3161–3174, and the IAD speedy trial provision serve the same purposes. 953 F.2d at 1172.[3] The court held that since the Speedy Trial Act excludes a delay attributable to a defendant's pretrial motions under Section 3161(h)(1)(F), the IAD's time requirements are also tolled. *Id.* The Second and Fourth Circuits have also concluded that time periods excluded under the Speedy Trial Act likewise should be excluded under the IAD. *See United States v. Cephas,* 937 F.2d 816 (2nd Cir.1991), *cert. denied,* 502 U.S. 1037, 112 S.Ct. 884, 116 L.Ed.2d 788 (1992)(holding that the "for good cause shown" tolling provision encompasses the same circumstances as the rules for excludable time under the Speedy Trial Act);[4] *United States v. Hines,* 717 F.2d 1481 (4th Cir.1983), *cert. denied,* 467 U.S. 1214, 104 S.Ct. 2656, 81 L.Ed.2d 363 (1984)(looking to the Speedy Trial Act in finding that pretrial motions tolled IAD time periods).[5]

The Ninth Circuit Court of Appeals more recently reviewed the three different standards the Circuit Courts have used to determine whether a prisoner is unable to stand trial under the IAD in *United States v. Collins,* 90 F.3d 1420 (9th Cir.1996). The Ninth Circuit rejected as too narrow the standard that the defendant be physically or mentally incapacitated to toll the time requirement. 90 F.3d at 1427. It stated that the IAD provides in Article VI(b) that it does not apply to persons who are mentally ill. *Id.* The court stated that if the drafters wanted to exclude only the physically

---

**3.** Like the IAD, the Speedy Trial Act provides time frames in which the government must bring criminal defendants, including those in prison, to trial. The acts contain different time limits and language. Both allow their time limits to be tolled. While the IAD provides a general tolling provision, the Speedy Trial Act enumerates specific exclusions. *See United States v. Cephas,* 937 F.2d 816 (2nd Cir.1991), *cert. denied,* 502 U.S. 1037, 112 S.Ct. 884, 116 L.Ed.2d 788 (1992) (discussing both acts).

**4.** Prior to *Cephas,* the Second Circuit had also found the time required to dispose of the defendant's pretrial motions excludable under the "unable to stand trial" provision. *See United States v. Scheer,* 729 F.2d 164 (2nd Cir.1984).

**5.** The First Circuit has also looked to the Speedy Trial Act in deciding this issue in addition to applying the "unable to stand trial" provision. *See, e.g., United States v. Walker,* 924 F.2d 1 (1st Cir.1991).

incapacitated in addition to the mentally ill, they would have done so. *Id.*

The Ninth Circuit also declined to adopt the legally "unable to stand trial" standard due to outstanding motions because it is too broad. *Id.* The court stated that it provides little guidance and its meaning could only be developed slowly on a case-by-case basis. *Id.* The court found the Second and Fourth Circuit's approach—applying the tolling provisions of the Speedy Trial Act—most sensible. *Id.* Consistent with its decision in *Johnson,* it held that any delay excusable under that Act also tolls the clock under the IAD. *Id.* Since the law under the Speedy Trial Act is developed, the district courts would have guidance. *Id.* Applying this test, the court held that the defendant's filing of motions in limine tolled the IAD's time requirements since they do so under the Speedy Trial Act. *Id.* at 1428.

While the Speedy Trial Act applies to federal prosecutions, Pennsylvania has its own speedy trial provision under Rule of Criminal Procedure 1100. In determining when trial must begin under Rule 1100, the time requirements are tolled in part for periods of delay resulting from the unavailability of the defendant and from any continuance granted at the defendant's request. Pa. R.Crim. P. 1100(c). Under Rule 1100, a defendant is unavailable from the time he files a pretrial motion until the court disposes of it because trial cannot begin until the motion is decided. *Commonwealth v. Chilcote,* 396 Pa.Super. 106, 113, 578 A.2d 429, 432 (1990), *appeal dismissed,* 533 Pa. 357, 625 A.2d 614 (1993); *Commonwealth v. Riffert,* 379 Pa.Super. 1, 9, 549 A.2d 566, 570 (1988), *appeal denied,* 522 Pa. 602, 562 A.2d 825 (1989).

Having considered the rationale employed in similar cases decided by the federal courts, I conclude that the Superior Court properly looked to authority interpreting Rule 1100 to decide whether the IAD's time requirements are tolled by pretrial motions. Like the Speedy Trial Act and the IAD, Rule 1100 seeks to ensure that those who are accused of a

crime are quickly brought to trial.[6] I agree with the Superior Court that it is desirable to maintain consistency when resolving issues similar to both speedy trial provisions, and that such congruity benefits the trial courts and practicing attorneys. Appellant argues that looking to Rule 1100 authority is inappropriate because Rule 1100 is a procedural rule and the IAD was promulgated by the legislature. As recognized by the Superior Court, Rule 1100 authority does not control the interpretation of the IAD. However, given that the Rule and the IAD seek the expeditious resolution of criminal charges, it is appropriate to look to Rule 1100 authority for guidance. *See also Commonwealth v. Woods*, 444 Pa.Super. 321, 663 A.2d 803 (1995)(consistent with Rule 1100, the court held that the defendant was unable to stand trial under the IAD during the time it took to retrieve him from federal prison).[7]

Finally, Appellant argues that by finding that the filing of pretrial motions tolled the IAD's time requirements, he is in effect punished for pursuing his right to file such motions. I disagree. Appellant sought to benefit from filing pretrial motions. Such motions necessarily result in delays. As aptly stated by the Commonwealth, to hold otherwise would place the keys to the jailhouse door in Appellant's hands by allowing him to file pretrial motions and at the same time allowing the IAD time clock to run.

For these reasons, I concur in the result reached by the majority to affirm the Superior Court's decision.

CASTILLE, J., joins in the concurring opinion.

---

**6.** The IAD's requirements further serve to promote prisoner rehabilitation by eliminating uncertainties which accompany the filing of detainers. *Commonwealth v. Fisher*, 451 Pa. 102, 106, 301 A.2d 605, 607 (1973).

**7.** *But see Commonwealth v. Thornhill*, 411 Pa.Super. 382, 601 A.2d 842 (1992) (declining to consider Rule 1100 authority to determine if IAD time requirements were violated).