J-S60038-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TERRANCE BERNARD ROBINSON | |
| Appellant | No. 321 MDA 2014 |

Appeal from the Judgment of Sentence January 14, 2014
In the Court of Common Pleas of Adams County
Criminal Division at No(s): CP-01-CR-0000706-2013

BEFORE:  OTT, J., STABILE, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                **FILED DECEMBER 12, 2014**

Appellant, Terrance Bernard Robinson, appeals from the judgment of sentence entered in the Adams County Court of Common Pleas following his bench trial convictions for delivery of a controlled substance and criminal conspiracy.[1]  We affirm.

The trial court opinion sets forth the relevant facts and procedural history of this appeal as follows.

> Appellant was charged with three counts of delivery of a controlled substance,[…]; one count of criminal conspiracy to deliver a controlled substance, […]; and three counts of criminal use of a communication facility, 18 Pa.C.S.A. § 7512,[2] by [c]riminal [c]omplaint filed on June 19, 2012. Subsequent to the filing of the [c]omplaint, Appellant was

---

[1] 35 P.S. § 780-113(a)(30) and 18 Pa.C.S. § 903(a)(1), respectively.
[2] The Commonwealth later withdrew charges against Appellant for criminal use of a communication facility.

located in the Maryland Correctional Institution-Hagerstown, Hagerstown, Maryland. A detainer from the Pennsylvania charges was filed against him. On April 12, 2013, the Adams County Clerk of Courts Office received, filed, and docketed a request for disposition of the charges mailed by [Appellant] under the [Interstate Agreement of Detainers (IAD)].[3] Appellant was returned to this jurisdiction by the Adams County Sheriff's Department on June 6, 2013. He was produced before a Magisterial District Judge for preliminary arraignment that same date with a preliminary hearing date being set for June 12, 2013.

By correspondence dated June 6, 2013, and received by the Magisterial District Judge on June 7, 2013, Appellant, through private counsel, requested a continuance of the scheduled June 12, 2013 preliminary hearing. The docket transcript for the Magisterial District Judge indicates the continuance request was granted on June 7, 2013 when the Magisterial District Court continued [Appellant's] preliminary hearing until June 26, 2013. On June 26, 2013, [Appellant,] through counsel, requested a second continuance of the preliminary hearing. The purpose of the continuance was Appellant's desire to retain different private counsel. Accordingly, preliminary hearing was rescheduled to July 31, 2013. At the preliminary hearing held that date, all charges were bound to court.

Appellant was formally arraigned on September 23, 2013 at which time he was scheduled for pre-trial disposition on October 28, 2013 with trial scheduled for the term commencing December 2, 2013. On December 2, 2013, the parties appeared for purposes of jury selection. Prior to commencement of jury selection, [Appellant] filed a written motion with the [c]ourt seeking dismissal of the charges against him based upon a violation of the IAD. In order to resolve the motion, [a] hearing was scheduled for December 3, 2013 with trial continued as a result of the motion until the term commencing January 21, 2014. Following hearing, this [c]ourt denied [Appellant's]

---

[3] 42 Pa.C.S. § 9101.

[m]otion to [d]ismiss. Appellant appeared in open court on January 6, 2014 and requested that the charges against him be scheduled for nonjury trial on January 14, 2014.

Trial Court Opinion, filed April 21, 2014, at 1-2.

On January 14, 2014, the trial court found Appellant guilty on three counts of delivery of a controlled substance and one count of conspiracy to deliver a controlled substance. The court sentenced Appellant to 5-10 years' incarceration for each count, to run concurrently. On January 24, 2014, Appellant timely filed a post sentence motion, which the court denied on February 6, 2014. Appellant timely filed a notice of appeal on February 18, 2014. On February 21, 2014, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), which he timely filed on March 12, 2014.

Appellant raises the following issue for our review:

DID THE [TRIAL] COURT ABUSE ITS DISCRETION IN FINDING THAT A DELAY RESULTING FROM AN OUT-OF-COURT ORDER FOR CONTINUANCE WAS EXCLUDABLE AGAINST APPELLANT IN CALCULATION OF HIS SPEEDY TRIAL RIGHTS UNDER THE INTERSTATE ACT ON DETAINERS (IAD), 42 PA.C.S. § 9101 ET SEQ., WHERE THE MAGISTERIAL DISTRICT JUDGE FAILED TO RULE UPON THE REQUEST FOR CONTINUANCE IN OPEN COURT, PURSUANT TO THE MANDATES OF ARTICLE III(A)?

Appellant's Brief at 4.

In essence, Appellant argues that because the magisterial district justice court improperly continued his preliminary hearing nineteen days from June 7, 2013 until June 26, 2013, the Commonwealth failed to bring

him to trial within the speedy trial limits set forth in Articles III and IV of the IAD. We disagree.

When evaluating speedy trial issues, our standard of review is whether the trial court abused its discretion. *Commonwealth v. Booze*, 953 A.2d 1263, 1272 (Pa.Super.2008). Our Supreme Court defines "abuse of discretion" as follows:

> An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence or the record, discretion is abused.

*Commonwealth v. Chambers*, 685 A.2d 96, 104 (Pa. 1996), *cert. denied*, 522 U.S. 827 (1997). Both Rule 600 and the IAD seek to bring the criminally accused to a speedy trial and serve two interests: (1) protection of the accused's speedy trial rights and (2) protection of society. *Commonwealth v. Woods*, 663 A.2d 803, 809 (Pa.Super.1995). In addition:

> The IAD is a compact among 48 states, the District of Columbia and the United States. *Cuyler v. Adams*, 449 U.S. 433, 436 n. 1, 101 S.Ct. 703, 66 L.Ed.2d 641 (1981). The IAD establishes procedures for the transfer of prisoners incarcerated in one jurisdiction (the 'sending state') to the temporary custody of another jurisdiction (the 'receiving state'), which has lodged a detainer against them. *Commonwealth v. Williams*, 586 Pa. 553, 896 A.2d 523, 536 n. 5 (2006). 'The policy of the [IAD] is to encourage the expeditious and orderly disposition of charges and its purpose is to promote and foster prisoner treatment and rehabilitation programs by eliminating uncertainties which accompany the filing of detainers.'

> ***Commonwealth v. Merlo***, 364 A.2d 391, 394 (Pa.Super.1976) (citations, quotation marks and italics omitted).

***Commonwealth v. Horne***, 89 A.3d 277, 281 (Pa.Super.2014). The IAD provides in relevant part:

> **Article III**
>
> (a)      Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within 180 days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint: Provided, [t]hat for good cause shown in open court, ***the prisoner or his counsel being present***, the court having jurisdiction of the matter may grant any necessary or reasonable continuance. The request of the prisoner shall be accompanied by a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the state parole agency relating to the prisoner.
>
> *      *      *
>
> **Article VI**
>
> (a)      In determining the duration and expiration dates of the time periods provided in Articles III and IV of this agreement, the running of said time periods shall be tolled whenever and for as long as the prisoner is unable to

> stand trial, as determined by the court having jurisdiction
> of the matter.

42 Pa.C.S. § 9101 (emphasis added). While it is the Commonwealth's responsibility to insure that a defendant is tried within the time period specified by the IAD, **Commonwealth v. Mayle**, 780 A.2d 677, 682 (Pa.Super.2001), "the IAD may be tolled by the defendant's own actions," including the filing of motions to dismiss and the time it takes to resolve them. **Commonwealth v. Montione**, 720 A.2d 738, 741 (Pa. 1998), *cert. denied,* 526 U.S. 1098, 119 S.Ct. 1575, 143 L.Ed.2d 671 (1999).

Regarding Appellant's contention that he did not join in his counsel's request for a continuance, the statute clearly states that continuances may be granted "for good cause shown in open court, the prisoner or his counsel being present[.]" 42 Pa.C.S. § 9101, Article III(a). "The disjunctive 'or' clearly indicates that the defendant need not expressly join in his counsel's request for a continuance." **Commonwealth v. Diggs**, 482 A.2d 1329, 1331-32 (Pa.Super.1984).

We hold that Appellant was tried within the IAD's speedy trial time limits. On April 12, 2013, the Adams County Clerk of Courts Office received, filed and docketed a request for disposition of the charges mailed by Appellant under the IAD. At that point, the IAD's 180-day run date was October 9, 2013. However, by correspondence dated June 6, 2013, Appellant, through private counsel, requested a continuance of the scheduled June 12, 2013 preliminary hearing. On June 7, 2013, the

- 6 -

Magisterial District Court continued Appellant's preliminary hearing until June 26, 2013. Nothing was improper about this continuance. Although Appellant argues that counsel made the continuance request without his consent, Appellant did not need to join in counsel's request for the request to be valid. *Diggs*, *supra*, 482 A.2d at 1331-32. Appellant also contends that the continuance was invalid because defense counsel made his continuance request in a letter instead of in "open court", the location required under the IAD. 42 Pa.C.S. § 9101, Article III(a). We agree with the trial court's reasoning on this issue:

> Certainly, a continuance request sought by the Commonwealth should only be granted in open court where the defendant and counsel have the opportunity to respond. That is not the circumstance instantly. Rather, it is the Appellant himself, through his attorney, that requested the continuance thus voluntarily forfeiting the need for a hearing in open court. Rather than being the result of an error by which Appellant was denied due process, it was Appellant's own actions, through counsel, that tolled the IAD. *See Montione, supra*, 720 A.2d at 741 (the IAD may be tolled by the defendant's own actions). Under these circumstances, the purpose of the statute is not frustrated as delay in bringing the Appellant to trial was self-created.

Trial Court Opinion, 4-5.

Appellant does not contend that any other continuances on or after June 26, 2013 violated the IAD. For the sake of completeness, we note that all scheduling changes on and after June 26, 2013 did not violate Appellant's speedy trial rights under the IAD. On June 26, 2013, Appellant, through

counsel, requested a second continuance of the preliminary hearing, and the court rescheduled the preliminary hearing to July 31, 2013. The 55 day period between June 7, 2013, when the court granted Appellant's first continuance request, and July 31, 2013, the rescheduled date of the preliminary hearing, constitutes an excludable delay that extended the 180-day run date to December 2, 2013.

On December 2, 2013, Appellant moved to dismiss for violation of the IAD, and the trial court continued trial until January 14, 2014, in order to decide the motion. The filing of this motion tolled the IAD run date until January 14, 2014, the date Appellant was tried and convicted. *See Montione, supra.* Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/12/2014