J-S09009-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICKY LEE MILLER | : | |
| | : | |
| Appellant | : | No. 2022 EDA 2021 |

Appeal from the PCRA Order Entered August 18, 2021
In the Court of Common Pleas of Monroe County Criminal Division at
No(s):  CP-45-CR-0000052-2007,
CP-45-CR-0001641-2006, CP-45-CR-0001675-2006,
CP-45-CR-0001676-2006

BEFORE:   LAZARUS, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM  BY LAZARUS, J.:                    **FILED MAY 17, 2022**

Ricky Lee Miller appeals, *pro se*, from the order,[1] entered in the Court

of Common Pleas of Monroe County, dismissing his second petition filed

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Miller filed a single notice of appeal from the PCRA court's order that lists four docket numbers.  On November 24, 2021, this Court issued a rule to show cause why the appeal should not be quashed pursuant to **Commonwealth v. Walker**, 185 A.3d 969, 977 (Pa. 2018) (stating "the proper practice under Rule 341(a) is to file separate appeals from an order that resolves issues arising on more than one docket.  The failure to do so requires the appellate court to quash the appeal.").  **See also** Pa.R.A.P. 341.  Miller filed a *pro se* response on December 14, 2021, attempting to distinguish **Walker**.  On December 20, 2021, this Court discharged the rule and referred the matter to this panel.  We note that the PCRA court's order dismissing Miller's PCRA petition informs him that he has the right to file "**a** Notice of Appeal [] within thirty (30) days[.]" Order, 8/18/21 (emphasis added). Pursuant to **Commonwealth v. Larkin**, 235 A.3d 350 (Pa. Super. 2020) (en banc), and **Commonwealth v. Stansbury**, 219 A.3d 157, 160 (Pa. Super. 2019), this
*(Footnote Continued Next Page)*

pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.

After review, we affirm the order of the PCRA court.[2]

This Court has previously set forth the facts and procedural history of this case:

On January 10, 2007, Miller was charged with various crimes related to four armed robberies that occurred between November 16, 2004, and November 21, 2004. At the time the charges were filed, Miller was incarcerated in Warren County, New Jersey, on charges related to similar robberies. The Commonwealth attempted to have Miller extradited to Monroe County for trial. Miller was eventually delivered to Monroe County from Pike County, Pennsylvania, where he had also been charged. On May 29, 2007, after a bench trial, Miller was convicted in Monroe County of charges relating to the four armed robberies. On August 8, 2007, the trial court sentenced Miller to an aggregate prison term of 24 to 48 years, to be served consecutively to any other sentence in Pennsylvania or New Jersey. After his post-sentence motions were denied, Miller filed a direct appeal. This Court affirmed the judgment of sentence on February 13, 2009. On April 7, 2011, Miller filed a *pro se* PCRA Petition. On November 14, 2011, counsel for Miller, Bradley Weidenbaum, Esquire, filed an Amended PCRA Petition. The PCRA court conducted a three-day hearing, and dismissed Miller's Petition as untimely filed on June 25, 2012.

_____

amounts to a breakdown in court operations and, thus, we decline to quash this appeal. **See Larkin**, **supra** at 354 (where defendant is misinformed or misled regarding his appellate rights, this amounts to breakdown in court operations; Court declined to quash pursuant to **Walker**); **Stansbury**, **supra** at 159 (PCRA court advised appellant he could appeal dismissal of PCRA petition by filing within thirty days "**a** written notice of appeal to the Superior Court[;] this Court held this amounted to breakdown in court operations that overlooked defective nature of notice of appeal) (emphasis in original).

[2] We note the Commonwealth has not filed an appellee's brief.

*Commonwealth v. Miller*, 2135 EDA 2012 (Pa. Super. filed May 31, 2013) (unpublished memorandum decision), at 1-2. This Court affirmed the PCRA court's order. *Id.* at 6. On November 19, 2013, the Pennsylvania Supreme Court denied Miller's petition for allowance of appeal. *Commonwealth v. Miller*, 80 A.3d 776 (Pa. 2013) (Table).

Miller filed the instant PCRA petition on May 5, 2021. On May 17, 2021, the PCRA court entered an order pursuant to Pa.R.Crim.P. 907, providing notice of intent to dismiss Miller's petition. *See* Order, 5/17/21. Miller filed a *pro se* response, and, on August 18, 2021, the PCRA court denied that petition. *See* Order 8/18/21. Miller filed this timely appeal.[3] Both the PCRA court and Miller complied with Pa.R.A.P. 1925.

On appeal, Miller raises the following issues:

1. Whether [Miller's] newly[-]discovered evidence, agreement on detainers Article IV, Form V, introduces a new set of facts, to establish a new claim, to invoke an exception to the PCRA filing deadline?

2. Whether trial counsel was ineffective where failing to fully investigate the process that the Commonwealth utilized to

---

[3] Miller's notice of appeal, filed on September 21, and dated September 14, 2021, was due to be filed by September 20, 2021. *See* Notice of Appeal, 9/21/21. The envelope containing the notice of appeal is postmarked September 16, 2021. Thus, Miller's *pro se* notice of appeal was timely filed pursuant to the prisoner mailbox rule. *See Commonwealth v. Jones*, 700 A.2d 423 (Pa. 1997); *see also* Pa.R.A.P. 121(f) ("A *pro se* filing submitted by a person incarcerated in a correctional facility is deemed filed as of the date of the prison postmark or the date the filing was delivered to the prison authorities for purposes of mailing as documented by a properly executed prisoner cash slip or other reasonably verifiable evidence.").

> obtain temporary custody of [Miller] from the state of New Jersey?
>
> 3. Where the Commonwealth utilized a writ of habeas corpus to obtain temporary custody of [Miller], is said writ of habeas corpus a request for temporary custody, pursuant to the Agreement on Detainers?
>
> 4. Did [Miller] plead or establish enough facts and evidence to present a *prima facie* showing that a miscarriage of justice has occurred?

Appellant's Brief, at 2.

We begin by noting our standard and scope of review:

> This Court analyzes PCRA appeals in the light most favorable to the prevailing party at the PCRA level. Our review is limited to the findings of the PCRA court and the evidence of record and we do not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. Similarly, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary. Finally, we may affirm a PCRA court's decision on any grounds if the record supports it.

***Commonwealth v. Dozier***, 208 A.3d 1101, 1103 (Pa. Super. 2019).

A petition for post-conviction relief must be filed within one year of the date that the petitioner's judgment of sentence becomes final, except as otherwise provided by statute. 42 Pa.C.S.A. § 9545(b)(1). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

- 4 -

An untimely PCRA petition may be considered timely if a petitioner alleges and proves one or more of the following: (1) governmental interference with the presentation of his claims; (2) discovery of previously unknown facts, upon which the claim is predicated, which could not have been discovered with due diligence; or (3) an after-recognized constitutional right given retroactive application. *See* 42 Pa.C.S.A. § 9545(b)(1)(i-iii). Any petition invoking one of the exceptions must be filed within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

The PCRA's timeliness requirements "are mandatory and jurisdictional in nature," and such requirements may not be disregarded in order to reach the merits of the claims raised. *Commonwealth v. Murray*, 753 A.2d 201, 203 (Pa. 2000). Moreover,

> a PCRA petitioner is not automatically entitled to an evidentiary hearing. We review the PCRA court's decision dismissing a petition without a hearing for an abuse of discretion. [T]he right to an evidentiary hearing on a postconviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

*Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014) (citations omitted; brackets in original).

Here, this Court affirmed Miller's judgment of sentence on February 13, 2009. Miller did not file a petition for allowance of appeal in the Supreme Court of Pennsylvania from this Court's February 13, 2009 decision. Thus, his judgment of sentence became final on March 15, 2009, and Miller had until March 15, 2010 to file a timely PCRA petition. 42 Pa.C.S.A. § 9545(b)(3). Miller's present PCRA petition, filed more than twelve years after his judgment of sentence became final, is facially untimely.

Miller asserts his petition falls within the newly-discovered evidence exception, 42 Pa.C.S.A. § 9545(b)(1)(ii), arguing that the Commonwealth violated his speedy trial rights pursuant to Article IV of the Interstate Agreement on Detainers ("IAD") at 42 Pa.C.S.A. § 9101 *et seq*.[4] Accordingly, Miller must establish that "1) the *facts* upon which the claim is predicated were *unknown* and 2) could not have been ascertained by the exercise of due diligence." ***Commonwealth v. Bennett***, 930 A.2d 1264, 1272 (Pa. 2007) (italics in original). ***See*** 42 Pa.C.S.A. § 9545(b)(1)(ii). If a petitioner can establish both components, then jurisdiction over the matter may be exercised. ***Commonwealth v. Blakeney***, 193 A.3d 350 (Pa. 2018).

_____

[4] The IAD is an agreement between forty-eight states, the District of Columbia, Puerto Rico, the Virgin Islands, and the United States, that establishes procedures for the transfer of prisoners incarcerated in one jurisdiction to the temporary custody of another jurisdiction which has lodged a detainer against a prisoner. ***Carchman v. Nash***, 473 U.S. 716 (1985). The IAD is consistent with Rule 1100 of the Pennsylvania Rules of Criminal Procedure in its concern with bringing offenders to a speedy trial. ***See*** 42 Pa.C.S.A. § 9101, Article VI(a). ***See also Commonwealth v. Woods***, 663 A.2d 803, 807 (Pa. Super. 1995).

Miller raised this IAD issue in his first PCRA petition, couched in a claim of ineffectiveness of counsel, as well as in a prior direct appeal. *See **Commonwealth v. Miller***, 2135 EDA 2012 (Pa. Super. filed May 31, 2013) (unpublished memorandum decision), at 3. *See also **Commonwealth v. Miller***, 1501-1504 EDA 2008 (Pa. Super. filed Feb. 13, 2009) (unpublished memorandum decision) (wherein Miller raised, on direct appeal, trial court error in denying motion to dismiss on both IAD and Rule 600 grounds). He, therefore, has failed to establish that the facts upon which the claim is predicated were unknown to him. *See **Commonwealth v. Brown***, 111 A.2d 171, 176 (Pa. Super. 2015). Miller has failed to invoke the newly-discovered evidence exception to the PCRA's time requirement, and, therefore, the PCRA court was without jurisdiction to consider Miller's claims. We discern no error of law. ***Dozier***, *supra*. Accordingly, we affirm the PCRA court's order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/17/2022

- 7 -